## NOAH BURNHAM *versus* EBENEZER WEBSTER.

The cashier of a bank is the regularly authorized agent of the bank and whatever is done by him in that capacity is the act of the bank.

When a note is left with a bank for collection, although the bank has no interest in it; yet for certain purposes they are to be considered the real holders.

Where the date of the note is the only date upon it, the indorsements are to be considered as made at that time unless proved to have been made subsequently.

Proof that a note indorsed to a cashier — and by him handed to a notary for protest, is sufficient to establish the fact that it was either negotiated to or left in the bank for collection — and consequently that the makers are entitled to grace.

THIS was an action of assumpsit brought by the plaintiff as indorsee of a note of hand, dated Newburyport, July 10, 1835, given by William Palmer and Samuel Phillips for $3302,03, payable in three years with interest annually to the order of Eben Webster, and by him indorsed and likewise by Daniel Burnham and David Webster. Above the names of the indorsers was written, "I hold myself responsible and waive all notice."

It appeared in evidence that the above note, indorsed S. S. Fairfield, cashier, to John Andrews, cashier of the Mechanics' Bank, Newburyport, was delivered by said Andrews to W. Woart, a notary public at Newburyport, Mass. by whom the note was on the 13th July, 1838, presented to Samuel Phillips, one of the promissors, of whom he demanded payment, which was refused. That inquiry was made for Palmer, the other promisor, and for the indorsers — but they could not be found at Newburyport.

Upon this evidence the defendant was defaulted, with an agreement of the parties that if the Court should be of opinion, that the evidence offered by the plaintiff was not sufficient to enable him to maintain the suit, the default was to be taken off, and the cause stand for trial, otherwise judgment was to be rendered for the plaintiff.

*J. Shepley,* for the defendant, argued — that this note had never been discounted nor left in a bank for collection — and that the presentment should have been on the 10th of July. The plaintiff should show, affirmatively, that it was in the bank as early as the 10th. If placed in the bank subsequently to that day, it would be too late. The holder might retain a note till the 11th — then place it with a cashier, procure his indorsement thereon — and have the demand made on the 13th. But this would be after the indorser was discharged. The plaintiff is bound affirmatively, to show either that it was discounted, or left for collection, and not producing that evidence, the suit cannot be sustained. *Warren* v. *Gilman,* 15 Maine R. 70.

*Leland,* for the plaintiff. By St. 1824, c. 272, all bills out of the State are entitled to grace. The demand on the maker was sufficient, and is fully proved. *Shed* v. *Brett,* 1 Pick. 401; *Clark* v. *Bigelow,* 16 Maine R. 248; *Phœnix Bank* v. *Hussey,* 12 Pick. 483; *Warren* v. *Warren,* 16 Maine R. 260; *Green* v. *Jackson,* 15 Maine R. 136. Possession is sufficient evidence of title. *Lord* v. *Appleton,* 15 Maine R. 270; *Fisher* v. *Bradford,* 7 Greenl. 28; *Mc Donald* v.

*Smith,* 14 Maine R. 99. When one has a beneficial interest, the action may be rightfully maintained in his name. *Fairfield* v. *Adams,* 16 Pick. 381; *Folger* v. *Chase,* 18 Pick. 66; *Ellsworth* v. *Brewer,* 11 Pick. 316; Bailey on Bills, 390.

The opinion of the Court was delivered by

TENNEY J. — This suit is against the defendant as the indorser of the promissory note declared on. He defends on the ground, that no legal demand was made upon the makers. The note is dated July 10, 1835, payable in three years, and purports to have been made in Massachusetts. On the 13th day of July, 1838, John Andrews, Jr. cashier of the Mechanics' Bank in Newburyport, put it into the hands of a notary, that a demand might be made upon the makers — a demand was made by the notary on that day, conformably to law. It was indorsed by S. S. Fairfield, cashier, to said Andrews, cashier.

For the purpose of rendering bills of exchange and promissory notes negotiable, the right of property passes with the bills themselves, if taken in the course of trade, when not over due or otherwise dishonored by any thing apparent on the face. The possession and property are inseparable. *Collins* v. *Martin,* 1 Bos. & Pul. 648. The cashier of a bank is the regularly authorized organ thereof, and whatever is done by him in that capacity is the act of the bank. When a bill is left in a bank for collection, although the bank has no interest in it, yet for the purposes of receiving and transmitting notices, they are to be considered the real holders. *Warren* v. *Gilman,* 17 Maine R. 360; *Freeman's Bank* v. *Perkins,* 18 ib. 292. The note in question was not only holden by the Mechanics' Bank for the purposes of collection on the 13th of July, 1838, but may be regarded as their property; it came by regular negotiation into their hands. But it is insisted that there is nothing which shows this note to have been in a bank previous to that time; and if suffered to expire without a demand upon the makers, it could not be revived by being negotiated

to a bank. The date of the note is the only date upon it. The indorsements are to be considered as made at that time, unless proved to have been made subsequently; this note is to be treated as having been in the bank from its origin; and the demand was conformable to the laws of this state.

But this note was made in Massachusetts; and it is there that the makers are to be regarded as undertaking to pay it. Story's Conflict of Laws, 263. By the laws of that State, we are to be governed in ascertaining when it fell due, and the days of grace belonging to it, whether for the benefit of the holder, or the debtor; in one word, every thing which relates to the right of requiring payment of the debt. Story's Conflict of Laws, 289-299. By the laws of Massachusetts the note was not due till the expiration of the three days of grace and the makers were not bound to pay it till that time; consequently the holder could make no legal demand for payment before. Mass. St. 1825, c. 130 ; Rev. St. Mass. 303.

*The default must stand.*