## CARSON v. ALLEN.

1. GARNISHEE—NEGOTIABLE NOTE.—Where C. had given a negotiable promissory note to his creditor W., who was afterwards proceeded against by attachment by A., who summoned C. before the maturity of the note, as garnishee of W. ; upon an answer disclosing that such note had been given, and it *not appearing that W. still held it : Held,* that C. could not be held liable as garnishee of W.

(2 *Chand.* 123.)

ERROR to the District Court for *Crawford* County.

This suit grew out of an attachment sued out by the defendant in error, against one George C. Wales, who was alleged to have departed the territory.  The plaintiff in error, who was a partner in business with one *Eaton*, was summoned as

garnishee, and judgment by default was obtained against the defendant Wales. After the plaintiff in error had been summoned, he made a motion to dismiss the proceedings against him and his partner, for several reasons, which was overruled, after which, the plaintiff in error, on interrogatories being put to him, disclosed that he and his partner *Eaton,* in the fall of 1845, and before being summoned as garnishee, had executed to Wales, in the name of their firm, a negotiable promissory note for about $1,100.00, to fall due in August or September, 1846, and which had not become due at the time he was summoned as garnishee; that at the giving the note, Wales desired it should be made negotiable, because he designed to turn it out to his creditors; that he had not been notified of its transfer, and that it had not been paid. After this, a *scire facias* was issued against the plaintiff in error and his partner *Eaton,* as partners, which was personally served upon *Eaton,* and upon *Carson,* by copy left with *Eaton,* his partner, without saying that it was left " at his last and usual place of abode."

At the return term the said *Carson* and *Eaton* moved to quash the *scire facias* for the reasons, that the said *scire facias* did not recite the record and proceedings upon which the same purported to be founded, and was in other respects insufficient and informal, and was not such as was contemplated by law, and the rules of the court, and for other imperfections and insufficiencies on the face of the papers.

This motion was overruled.

The plaintiff in error then craved oyer of the whole proceedings, and showed cause in the nature of a demurrer thereto. The court overruled the demurrer, and the plaintiff in error refusing further to plead, judgment was rendered against him for the amount of the judgment against Wales, and also for costs. To reverse the proceedings thus had in the cause, this writ of error was brought.

*B. C. Eastman,* for plaintiff in error :

Carson vs. Allen.

That the giving the negotiable note by the plaintiff in error for himself and partner, extinguished the debt due from them to Wales. *Tudor v. Whiting,* 12 Mass. 212; *Strong v. Hart,* 6 B. & C. 160 (13 E. C. L. R. 131); *Sheehy v. Mandeville et al.,* 6 Cranch, 264; *Chapman v. Durant et al.,* 10 Mass. 47, and notes; Chitty on Bills, 195; *Jones v. Savage,* 6 Wend. 658. That he was not liable as garnishee, as it did not appear that Wales at the date of the service of garnishee process, or at any time thereafter was in possession of the note, and as the note was negotiable, and was given and received with the declared intention of being negotiated, the presumption was that it had been negotiated, and had passed from Wales. *Meacham v. McCorbett,* 2 Met. 352; *Willard v. Sheafe,* 4 Mass. 235; *Dwight v. Bank of Michigan,* 10 Met. 58; *Cutts v. Perkins,* 11 Mass. 206. That an indebtedness upon a negotiable. promissory note, payable *in futuro,* and not shown to be in the hands of the defendant, in attachment, is not "*property, moneys and credits*" in the garnishee's hands, " *or due from him to the defendant,*" within the meaning of the statute. Stat. of Wis. 166, § 5; 1 Iowa, 48. That no action could be brought and maintained upon this note by Wales, the payee, without proving its loss, and that it has not been transferred, and giving indemnity; and his creditors could not do indirectly that which Wales could not do directly. Chitty on Bills, 291, *et seq.* That the judgment would be no bar to a suit which might be brought against the plaintiff in error and his partner, by an indorsee, as the note is a joint one from *Carson* and *Eaton.*

*J. H. Knowlton,* for defendant in error.

HUBBELL, J. The plaintiff in error was summoned as a *garnishee,* and appeared and answered that he and his partner, *Eaton,* had given a negotiable promissory note to Wales, the defendant in the attachment suit, which was not then due; that the note had been made negotiable to enable Wales to

turn it out to his creditors, and that no demand of payment had been made of the makers.

No evidence was given showing that the note, at the time of serving the garnishee process, was owned by Wales, or was in his possession.

To render the garnishee liable, it must appear that he had in his possession " property, credits or effects " belonging to Wales, the defendant in the attachment suit, or was " indebted " to him. There was no evidence of property, credits or indebtedness other than the note made by *Carson & Eaton;* and waiving the question whether that note could form the subject of attachment in a suit against *Carson* alone, it is clear that it was evidence of indebtedness only to the indorsee or bearer, whoever he might be. The note being negotiable, was liable to be transferred from hand to hand, until due, and each subsequent holder would gain a perfect right of action against the makers.

Holding the makers liable under the garnishee process, before the maturity of the note, would subject them to pay it twice over, or would defeat the action of the real owner. We must not so construe the statute relating to attachments as to defeat the long-established rules of the law merchant. That law, which gives currency and character to negotiable paper, has been incorporated into the statutes of Wisconsin, and is deemed of salutary effect in the general business of the community.

Because, therefore, the answer of the plaintiff in error did not disclose any indebtedness to the defendant, Wales, nor disclose any property, credits or effects belonging to him, in the possession of the garnishee, the judgment of the circuit court was erroneous. Whether a negotiable promissory note, *past due,* may not be the subject of attachment as credit or indebtedness in the hands of the maker, it is not necessary now to decide. Nor is it necessary to pass upon several other points in the case presented by the plaintiff in error.

Judgment reversed with costs.