WILLIAM M. MASON, Respondent,

*vs.*

JOSIAH A. NOONAN and PETER McNAB, Appellants.

APPEAL FROM MILWAUKEE COUNTY COURT.

An endorsement of a promissory note, in the absence of evidence to the contrary is presumed to have been made at or about the date of the note.

In a suit by the indorsee against the maker of a promissory note, the production by the holder is *prima facie* evidence of its indorsement at the time of making the note.

The pendency of a garnishee suit against the maker of a promissory note, in attachment against the payee, is no defence in action by the indorsee against the maker.

This was an action brought by the respondent as indorsee of a promissory note against the appellants as the makers thereof. The complaint alleged that the defendants are, and at the date of the making of the promissory note hereinafter mentioned, were partners under the firm, name and style of Noonan & McNab, and that they did heretofore, at Milwaukee, make their promissory note in writing, bearing date the 11th day of May, A. D. 1857, whereby they promised to pay, six months after the date thereof, for value received, to certain persons therein styled Miller & Holbrook or order, at the office of Alexander Mitchell, in the city of Milwaukee, three hundred and sixty-eight and ninety-five one-hundreths dollars with exchange on New York, and the said defendants then and there delivered said note to said payees, and that the said payees thereof under the name and style of Miller & Holbrook, indorsed the said note and transferred it to the said plaintiff, and that although the said note became due and payable before the commencement of this action, yet the said

Vol. VII. 40

defendants have not paid the same. And the plaintiff also alleges, that he is the lawful holder and owner of the said note, and that the said defendants are justly indebted to him thereupon in the sum of three hundred and sixty-eight dollars and ninety-five *cents* principal, *together with interest thereon* from the fourteenth day of November, A. D. 1857, and the sum of eleven dollars and six cents, the exchange on New York for said principal sum. Wherefore the said plaintiff demands judgment against the said defendants for the said principal sum and interest and exchange.

The defendants answered, admitting the making of the note and delivery to Miller & Holbrook, &c., &c.

And for a separate and second defence to said action, these defendants allege *upon* information and belief, that on *the 9th day* of February, 1858, in a certain action depending in the circuit court of the county of Milwaukee, State of Wisconsin, wherein Alexander Whyte and Samuel A. Hurlbert, were plaintiffs, and Richard H. Miller and Anthony P. Holbrook were defendants, an *attachment in due form of law was* issued out of said court, and under the hand of the judge thereof, and directed and delivered to the sheriff of the county of Milwaukee, and therein and thereby the said sheriff was commanded to attach and safely keep all the property of the said Miller & Holbrook, within his bailiwick, or so much thereof, as might be sufficient to satisfy the claim and demand of the plaintiffs in said action, with interest and costs; that under and by virtue of said attachment, the said sheriff thereupon attached according to law, the said note in the said complaint set forth, as the property of said Miller & Holbrook, in the hands of Messrs. Wells & Brigham, attorneys at law, and caused the said attachment, or a copy thereof, to be served upon them, and also attached in the hands of these defendants, the amount so due by these defendants upon said note, and their indebtedness thereupon, as the property, credits

and effects of the said Miller & Holbrook, and that said sheriff still claims that these defendants should pay to him by virtue of said attachment the amount of their said indebtedness so levied upon and attached by him as aforesaid.

And these defendants allege upon information and belief, that said attachment still remains in full force and virtue, and that said action is still pending and undetermined.

And these defendants further allege that the said plaintiffs in said action claim to recover of these defendants the amount of said note by virtue of said attachment as an indebtedness due by these defendants to said Miller & Holbrook, and to apply the same towards the satisfaction of their said claim against said Miller & Holbrook.

And these defendants are advised and believe, and allege and insist that they cannot safely pay the amount of their said indebtedness upon said note to either the said Whyte & Hurlbert, or the said plaintiff, or to any other person claiming the same, until the respective claims of said Whyte & Hurlbert, and said plaintiff, thereto, are determined according to law, and these defendants are ready and willing to pay said indebtedness to whomsoever shall be adjudged to be legally entitled thereto.

These defendants therefore pray, that said Whyte and Hurlbert may be made parties to this action, and may be brought into court, and that the respective claims of said plaintiff and said Whyte and Hurlbert may be adjudicated by the court, and that upon the payment by these defendants of the amount so due by them, to whomsoever the court may determine to be legally entitled thereto, they may be discharged of and from all liability, by reason of the premises.

To this answer the plaintiff demurred, assigning the following grounds:

1. Said second defence is stated "on information and belief," which is not a sufficient statement.

2. If it be true, as stated in said second defence, that in an action described in said second defence, the sheriff did attach in the hands of Wells & Brigham, attorneys at law, the note set forth in the complaint of the plaintiff in this action, that fact is not relevant as a defence in this action.

3. If it be true, as stated in second defence, that said sheriff did also attach, in the hands of said defendants, the amount so due by said defendants upon said note and their indebtedness thereupon, as the property, credits and effects of the parties who are named in said negotiable note as the payees thereof, and that said sheriff still claims that the said defendants should pay to him, by virtue of said attachment, the amount of their indebtedness so levied upon and attached by him, and that said attachment still remains in full force and virtue and that said action is still pending and undetermined, it is no defence to this action, because this action is brought by the holder of a negotiable promissory note against the makers of said note who are not liable as garnishees of the payees of the note.

The court, on hearing, sustained the demurrer, and judgment was entered in favor of the plaintiff for the amount of the note, from which judgment the defendants appealed.

The defence set up in the answer, that the debt, to recover which this action was brought, had been attached, or garnisheed, and that the garnishee suit was still pending and undetermined, was good as a plea in abatement. *Embre vs. Hanna*, 5 Johns. 101; *Scott vs. Coleman*, 5 Littell 349; Drake on Attachment, § 700; *Fitzgerald vs. Caldwell*, 1 Yates, 274; 2 Watts & Serg. 190; *Brown vs. Somerville*, 8 Maryland, 444; *Wallace vs. McConnell*, 13 Peters, 136. But the respondent contends that this action, being upon a promissory note, cannot be defeated or delayed by any such defence; and he relies upon the decision of this court in the case of *Davis vs. Pawlette*, 3 Wis. Rep., 300.

Before giving our views of that case, we remark that the plaintiff in this action does not aver or set forth in his complaint when the note was transferred to him, whether before or after due. But by the general rules of construction applicable to pleading, it is presumed that he has in his complaint set forth his cause of action in a manner most favorable to himself; and that it is true that the note was transferred to him after due, otherwise the plaintiff would have averred it was transferred to him before due. Taking it therefore to be true from the complaint, that the note was received by the plaintiff after due, we propose to inquire whether a negotiable promissory note, past due, or the debt secured by the same, can be garnisheed. It is true that this court did decide, in the case of *Davis vs. Pawlette*, that a note, either before or after due, could not be garnisheed. But in that case there was a joint judgment against two defendants, when there should have been judgment, if at all, only against one; and on that ground that case was properly reversed, and that part of the opinion relating to other points we are inclined to regard as an *obiter dictum*. But whether it is or not, we propose to examine the reasoning of the court in that case, and the authorities cited to sustain it. First, as to the cases cited. There are four Massachusetts decisions cited to sustain the doctrine. The learned judge who delivered that opinion, says : " Under the trustee process of Massachusetts, the courts of that State have frequently held that the maker of a negotiable promissory note was not answerable as the trustee of the payee, because an indebtedness of this kind was not included in the terms 'goods, effects or credits of the principal defendant,' " and then cites the four Massachusetts cases to sustain him. Never was a judge more unfortunate in his citations, and never was a court, by adopting the opinion of a judge, led into a more palpable error ; for the authorities cited are clearly and unquestionably authorities sustaining indirect-

ly the doctrine that promissory notes past due can be garnished, unless there is a statute law prohibiting it.

The legislature of Massachusetts passed an act, approved Feb. 28, 1795, entitled, " An act to enable the creditors to recover their just demands out of the goods, effects, and credits of their debtors, when the same cannot be attached by the ordinary process of law." The 12th section of this act provides, "No person shall be adjudged a trustee by reason of having drawn, accepted, made or indorsed any negotiable bill, draft, note or other security." The four cases cited by the learned judge were decisions under this section. The first case cited is *Everson vs. Healy*, 2 Mass., 32. In that case a trustee process had been served on the maker of a promissory note after suit had been brought against him by the payee and verdict obtained, but before judgment, and it was contended that this took the case out of the 12th section. But the court decided otherwise, and that the note was still within the statute. The second of the four cases (7 Mass., 438,) decides that promissory notes themselves—not the debts secured by them —cannot be held by trustee process. The third of the four *Perry vs. Coates,* 9 Mass., 537,) decides that one holding bank notes which had been dishonored could not be held a trustee by reason of holding such notes, on the ground that such bank notes could not be attached on execution, and were promissory notes within the 12th section aforesaid. In the last case of the four (*Wood vs. Nelson,* 12 Pick., 268,) the debtor had given to his creditor his negotiable promissory note to avoid being charged on the trustee process, and although it was a fraudulent act, yet he was held protected against the trustee process by the 12th section above cited. Now all these decisions are under that 12th section, and they all either expressly or impliedly admit that, but for that section, the debt secured by a promissory note past due might be garnisheed. We have no statute prohibiting the garnisheeing

of a debt secured by a promissory note past due; but this Court has decided the same as though we had; and we submit, with all deference, that that decision is nothing less than *judicial legislation.* It subverts the whole practice, both while we were a Territory and a State, up to the time of that decision. It is also directly contrary to the decisions in other States, where they have no statute similar to the 12th section of the Massachusetts act, and have an attachment law similar to ours. *Judd vs. Judd,* 5 Day, 534; Drake on Attachment, §§ 587 and 588; *Enos vs. Tuttle,* 3 Conn., 27; *Quarles vs. Porter,* 12 Mis., 76; *Gates vs. Kirby,* 13 Mis., 157; 14 Mis., 548; *Ormond vs. Moye,* 11 Ired., 564; *Kimball vs. Gay,* 16 Vt. Rep., 131; *Button vs. Freston,* 9 Vt. Rep., 257; *Early vs. Gove,* 10 Vt. Rep., 161; 14 Vt. Rep., 387; *Pilmon vs. Hart,* 1 Penn. State Reports, 213. These cases are selected at random; and to them might be added others, almost without number, to the same point.

The learned judge is equally unfortunate in the reason given for this judicial legislation. The reason may be summed up in this: that in a garnishee suit it may be clearly proved to the jury that the note was in the hands of the payee after maturity; and on a subsequent suit by the assignee of the payee against the maker it may also be clearly proved that the note was transferred before due. Now the truth in such event would not be proved in both cases. The amount of it is then, that men will *lie,* and will *swear to a falsehood,* and it is possible innocent parties may thereby suffer. But do not witnesses in courts testify falsely every day? Is it not true that justice cannot be perfectly administered by reason of the failure of evidence or of the perjury of witnesses? Therefore, as the innocent may suffer in the administration of justice, what shall be done? Why, according to the reasoning of the learned judge, put an end to courts and juries. To this does his reasoning tend: Innocent parties may suffer by holding

that promissory notes, or the debt thereby secured, may be garnisheed; therefore prohibit it—*by judicial legislation.* But the innocent may also be found guilty and suffer in divers ways from the action of courts; therefore abolish courts. We have not been able to find a solitary case decided under an attachment law similar to ours, where it has been held that debts secured by promissory notes past due could not be garnisheed, but cases almost innumerable occur to show that such debts could be garnisheed.

2. But if this court has decided that a promissory note cannot be garnisheed, and has decided correctly, still if the circuit court should decide otherwise, its decision would not be void, but only erroneous; and the judgment would be good till reversed. Therefore, even admitting that the case of *Davis vs. Pawlette* contains the true doctrine, the court below erred in sustaining the demurrer. Drake on Attachment, § 697.

*Downer, La Due & Jenkins* for appellants.

*Wells & Brigham* for respondents.
This was a demurrer to the answer of the appellants, who were defendants below, in an action on a promissory note.

As a strong argument in the case, we state the facts, which appear of record, though not in the case printed.

The respondent held the note of the appellants as indorsee of the payees. It became due and was sent for collection; was presented and payment was promised, but delayed a short time by agreement, at the expiration of which time it was again presented, and still more delay was obtained, during which the attachment suit which is pleaded by the appellants was commenced. The attorneys of the plaintiffs in the attachment suit are the attorneys of the appellants in this case.

The answer in this case undertakes to set up in defence to this action the pendency of an attachment suit, in which

these defendants have been summoned to answer as garnishees of the defendants in the attachment suit. The defence is in the nature of a plea in abatement, and is improperly joined with the 1st defence in the answer which is to the merits. *Gardner vs. Clark*, 6 How. 449 ; Van Sandvoort Pl., 385. In pleading the attachment suit in abatement, it should have been more particularly set forth. The affidavit should have been given on which the proceeding rests. *Crawford vs. Clute*, 7 Ala., 157 ; 8 Wend., 600 ; 7 Paige, 615 ; 6 Hill, 336. But if the pendency of this attachment is in all respects well pleaded, it is not good in abatement of this action, because it is manifest on the face of the plea or answer, that no judgment can ever be obtained against these appellants in that action. They are summoned as garnishees of the payees of a negotiable promissory note. They are not liable. *Carson vs. Allen*, 2 Chand. 127 ; *Davis vs. Pawlette*, 3 Wis., 300 ; 17 Vermont, 140 ; 20 Conn., 510. In no case will the pendency of an attachment be held to abate a suit where there is collusion between the party pleading and the parties to the attachment. Note that the attorneys for the defendants in this case appear as attorneys for the plaintiffs in the attachment. It is true that there has been a substitution of attorneys in this case, on the record, but an examination of the papers in the case will show that there has been no change in fact, that all the papers from the first have been drawn by the attorneys who now appear, that the use of the name of another attorney at the commencement, was intended as a "blind."

There is nothing in the answer to connect the attachment suit with this plaintiff or this action.

*By the Court*, COLE, J. In order to attack the doctrine laid down by this court in the case of *Davis vs. Pawlette*, 3 Wis.,

R. 300, the counsel for the appellants takes for granted a position which he is not authorized to assume, which is, that the note sued upon was transferred to the respondents by the payees after it became due. The general rule is that an indorsement, in the absence of any evidence to the contrary, is always presumed to have been made at or about the date of the note. And in a suit by an indorsee against the maker, the production of the note has been holden to be *prima facie* evidence to sustain the general allegation of an indorsement at or near the time of making the note. *Hendricks vs. Judah,* 1, John. R. 319 ; *Burnham vs. Wood,* 8 N. H., 334 ; *Webster vs. Lee,* 5 Mass. 334 ; *Ranger vs. Cary,* 1 Met. 369 ; *Burnham vs. Webster,* 19 Maine 232. The ground of defence relied upon in the answer, is the pendency of the attachment suit of *Whyte & Hurlbert vs. Miller & Holbrook,* in which the appellant had been summoned to answer as garnishees. But how could this defence be efficacious and valid if the note had been indorsed before it became due ? The boldness of the counsel which lead him to assail with so much vigor the soundness of the doctrine in the case of *Davis vs. Pawlette* did not carry him so far as to contend that the makers of a promissory note negotiable and transferred before maturity could successfully resist an action by the indorsee upon the ground that they had been summoned as garnishees of the payees. It is nowhere averred in the plea or defence in abatement, that the note was transferred by the payees to the respondents after it became due ; and for the purposes of this case adopting as sound the rules which the counsel for the appellants lays down for the construction of pleadings, that it is to be presumed that the answer sets forth in the most favorable manner the defence, and how can this matter set up in abatement prevail ? In order to render it complete and effectual—even if the case of *Davis vs. Pawlette* is not authority, which we do not find it necessary in this case either to affirm or deny—still

Mason vs. Noonan and McNab.

the appellants should show in their answer that the note was liable to be garnisheed, it having been indorsed after it became due. This they have failed to do, leaving the legal presumption unrepelled that the note was negotiated before it was dishonored, and when it was not liable to be garnisheed.

The order of the court below sustaining the demurrer was therefore correct, and the judgment of that court must be affirmed.