State ex rel. Rogers vs. Judge of County Court, La Crosse, et al.

if it is competent for the legislature, consistent with the principle of equality, to exempt all this property entirely from taxation, can it not say that it shall be subject to a greater or less rate of taxation than other property ?

If the legislature can exempt railroads from taxation on the ground of public property or convenience, can it not say that they shall pay one *per centum* of the gross earning of their respective roads, into the state treasury in lieu of all taxes ? Does not the greater power include the less ? I have no doubt but it is entirely competent for the legislature to make these various exemptions; because I do not suppose the rule of uniformity necessarily implies equality in the burdens of taxation. In imposing taxes the legislature may classify property and the principle of uniformity will be preserved so long as the same class of property is subject to the same rule of taxation throughout the district for which the tax is raised. With any other construction, I am not able to give full and proper effect to the last clause of the section.

I think the motion to quash the writ in this case should be overruled.

---

## STATE ex rel. ROGERS *vs.* JUDGE OF COUNTY COURT, LA CROSSE, et al.

### MOTION FOR WRIT OF PROHIBITION.

Heard February 28, 1860.]      [Decided March 6, 1860.

*Garnishee—County Court—Constitutional Law—Prohibition.*

Where a party has taken, by indorsement, a receipt and agreement, possessing most of the characteristics of commercial paper for the payment of money, he has his

remedy upon the paper, and is not concluded by garnishee proceedings, to which he is not a party.

The cases of *Carson vs. Allen*, 2 Chand., 123; *Davis vs. Pawlette*, 3 Wis., 300; *Shepardson vs. Mil. & Bel. R. R. Co.*, 6 id., 605; *Mason vs. Noonan*, 7 Wis., 609; and *Adams vs. Filer*, id., 306, considered and approved.

A writ of prohibition ought not to issue when there are other remedies perfectly adequate in some other form; therefore it will not be granted to a county court which has jurisdiction of a case before it, and may proceed to final judgment.

In passing the act providing that the county court of La Crosse county shall have concurrent and co-extensive jurisdiction with the circuit court of said county in all civil actions, matters and proceedings in the county, and which also repealed such acts as conflicted with the act, the legislature transcended its constitutional limits, and the act is void, being in conflict with sec. 7, Art. VII, of the constitution.

County courts must be inferior to the circuit courts of this state. The power to establish *inferior* courts in the several counties, with *limited* civil and criminal jurisdiction, negatives the idea of establishing a court exercising a jurisdiction coextensive with the circuit courts.

An act void as being in conflict with the constitution, cannot repeal an act in conflict with the provisions of the unconstitutional act.

This was an application for a writ of prohibition to prohibit and enjoin the county court and George A. Beck from proceeding in said court, in a case pending therein. The petition set forth that Joseph French, on the 21st day of November in 1859, held a letter of credit drawn in his favor by the Union Bank, London, in England, dated 28th day of October, in the year 1859, directed to Duncan Sherman & Co., of New York, for £185, 14s, 5d, exclusive of exchange on New York, of the value of $904 67; that French, on the 21st of November, 1859, indorsed the letter of credit to Cole, Sumner & Co., bankers, of La Crosse; and they paid thereon the sum of five hundred dollars, and gave their receipt and agreement to pay the balance when collected; that French on the same day indorsed the receipt to Rogers, who has ever since remained the owner of this balance; and on the 30th of November he presented the same to Cole, Sumner & Co. for payment, who confessed that the amount was due to him at that time, but refused payment, because the sheriff of La Crosse county, on the 29th of November, had served on them a garnishee process to answer in the county court, touching their indebtedness to French, in an action of attachment, wherein George A. Beck was plantiff; and therefore they were not at liberty

to make the payment demanded. That Cole had appeared before the court, and answered upon oath as to their indebtedness to French for the balance of the letter of credit. That it appeared by the answer of Cole, that the garnishee notice was served on them in the afternoon; that he had done all the business; and that the receipt and agreement is the only evidence of the balance due from them to French. That Beck was present by his attorneys at the time of the answers given by Cole before the judge, and being dissatisfied with the answers of Cole, took issue upon them, which issue is still pending before the county court, as also the original suit against French upon the attachment. That the attachment suit is brought upon a promissory note made by French for $298 43, and that for the reason that the said actions are pending, Cole, Sumner & Co. refuse to pay the said balance due to Rogers by the receipt. That Beck, before taking issue upon the answers of Cole, had notice of the transfer of the receipt and agreement to Rogers, and that he was the *bona fide* owner of the same; and that the same is now due and unpaid.

The relation further alleged that the county judge pretended and claimed power and authority to hold a court for the trial of all civil actions, matters and proceeding concurrent and coextensive with the circuit court; and therefore, the plaintiff has a right to prosecute and try his said actions against French, and against the garnishees. This claim of power is denied to said county court, and therefore the prayer for this writ of prohibition.

*Cook & Campbell*, for the relator.

*Johnson & Cameron*, for the respondent.

*By the Court*, COLE, J. If we were to assume that the county court of La Crosse county had no jurisdiction of the case of George A. Beck against Joseph French—the proposition which is insisted upon by the counsel for the relator—still it would not by any means follow that a writ of prohibition ought to be granted upon this application to restrain that court from proceeding in that cause. For if the relator is the *bona fide* holder for value of the instrument given by Cole,

Sumner & Co., an instrument which possess many of the characteristics of commercial paper, transferable by indorsement, &c., has he not his remedy upon that paper, and would he be concluded by the garnishee proceedings to which he was not a party? See *Carson vs. Allen*, 2 Chand., 123; *Davis vs. Pawlette*, 3 Wis., 300; *Mason vs. Noonan et al.*, 7 Wis., 609; *Adams vs. Filer*, id., 306.

The writ of prohibition ought not to issue when there are other remedies perfectly adequate in some other form. *Ex parte Brandlacht*, 2 Hill, 367, and authorities in notes "a" and "b." But we do not place our refusal to grant the writ wholly upon the ground that the relator has in some other way a complete remedy. For it will be admitted that by all the authorities the writ should not be granted if the county court has jurisdiction of the case of Beck against French, and can rightfully proceed to judgment in that cause, and therefore whether or not the county court had jurisdiction of that cause, will be the next subject of inquiry.

By sec. 46, chap 117, R. S., it is in effect provided that the county court, in addition to the powers and jurisdition conferred by law upon county courts shall have and exercise powers and jurisdiction within the county, equal to and commensurate with the circuit court in all civil actions, where the amount in controversy shall not exceed the sum of five thousand dollars, and exclusive appellate jurisdiction in all cases of appeal from justices of the peace, with the proviso that nothing therein contained shall be so construed as to confer jurisdiction in those cases, which have been heretofore cognizable only in a court of equity, except so far only as to enable said court to hear and determine any equitable defense, which may be set up by a defendant as a defense only to the plaintiff's action; or to confer criminal jurisdiction upon the county court. By section 1, chap. 104, Session Laws 1859, it is also provided that the county court of La Crosse county

should thereafter have concurrent and co-extensive jurisdiction with the circuit court of said county in all civil actions, matters and proceedings in the county, and might exercise the same power and authority as the circuit court, &c.  The second section declares that so much of the provisions of section 46, of chap. 117, R. S., and such parts of any other act or acts as conflict with the act of 1859, " for the purposes of this act only," are repealed.

Now, it is insisted that it was not competent for the legislature to confer upon the county court of La Crosse county, being an inferior court, a jurisdiction co-extensive with the circuit court, and that in attempting to do so by the enactment of 1856, the legislature transcended its constitutional limits, and that the law is void, being in conflict with section two, Article seven, of the constitution.  It appears to us that this point is well taken.  The section of the constitution first cited declares in what courts the judicial power of the state shall be vested.  It also, among other things, declares that " the legislature shall have power to establish inferior courts in the several counties, with limited civil and criminal jurisdiction;" thus, in the clearest manner and by the strongest implication, negativing the idea that the framers of the constitution intended to grant the power to the legislature to establish inferior courts, which should exercise a jurisdiction co-extensive with the circuit courts of the state.

Nor do we think it a good and sufficient answer to this objection to the law of 1859, to say that it does not profess to confer upon the county court of La Crosse county, general criminal jurisdiction ; or, because it is limited in the exercise of its jurisdiction to the county of La Crosse, that therefore it is valid.  In " all civil actions, matters and proceedings in said county," the county court was to have concurrent and co-extensive jurisdiction with and exercise the same power and authority over, as the circuit court.  This is substantially

the language of the act, and vests in the county court general civil jurisdiction for all purposes whatever. This we think the legislature could not do under the constitution of this state.

Assuming then, without further argument, that the position of the counsel for the relator is sound, and that the law of 1859 is unconstitutional in attempting to vest the same jurisdiction in the county court of La Crosse county, over civil cases as the circuit court may exercise ; and we are next to consider how that effects the jurisdiction of that court over the case of *Beck vs. French.* This will depend materially upon what force and effect is to be given to the repealing clause of the act of 1859. Upon the one hand it is contended that this clause entirely repeals section 46, chapter 117, R. S., so far as the county court of La Crosse county is concerned ; while upon the other side it is insisted that if the act of 1859 is void, it repealed no part of section 46, chap. 117, and that the county court of La Crosse can exercise the same jurisdiction it could prior to the passage of that law. In looking at the law of 1859, it will be seen that it does not repeal all existing laws vesting jurisdiction in civil actions in the county court of La Crosse county ; but only such parts of any act as might come in conflict with its provisions. Now, if the first section of the law of 1859 is unconstitutional and void, then it is obvious that section 46, chap. 117, could not come in conflict with it. It needs no comment to show that the legislature in passing the act of 1859, intended greatly to extend the jurisdiction of the county court of La Crosse county, rather than abridge or destroy it. This is clear and manifest from the act itself. It is certainly improbable that the jurisdiction of the county court of La Crosse county would have been interfered with or disturbed, had not the legislature supposed they were conferring upon it increased power and authority. We, therefore, conclude that it was the

evident intention of the legislature to repeal the provisions of the former laws only so far as they might conflict with the act of 1859. That act being void no other act could conflict with its provisions. *Tims vs. The State*, 26 Ala., 165; *Warren vs. Mayor and Aldermen of Charlestown*, 2 Grey, 84; *Shepardson vs. Mil. & Bel. R. R. Co.*, 6 Wis., 605.

The writ of prohibition prayed for must therefore be denied.