Bromwell, J.
Decision on motion to- quash indictment.
The indictment in this case charges that defendants—
“Did unlawfully, wrongfully and knowingly, permit an electric motor street car, designated as No. 484, on the Warsaw Avenue line of the Cincinnati Traction Company, said car not being a trail car or a car attached to a motor-car, to remain unprovided with a screen constructed of glass or other material at the forward end thereof, whereby the motorman, who was stationed at the forward end of said car, by said the Cincinnati Traction Company, and who was then and there engaged in guiding and directing the motor power of same by which said car was being propelled on the rails of said company that traverse the streets of the city of - Cincinnati, in *162 said county, was not fully and completely protected from wind and storm, in this, to-wit: that one side of said forward end of said car was completely open to wind and storm, and no heating device of whatsoever kind or character therefor, was thereon provided, the said .electric street ear then and there belonging to and being operated and used by the said the Cincinnati Traction Company, a corporation under the laws of Ohio, upon the streets of Cincinnati as aforesaid, the said 'W. Kesley Schoepf being then and there an officer and agent thereof, to-wit: president; the said Robert E. Lee being then then and there an officer and agent thereof, to-wit: the general superintendent; the said Newton Wickersham being then and there an officer and agent thereof, to-wit: division superintendent of the Eight Street Division of said company, and it being their duty as such officers and agents of said company as aforesaid, to provide a screen on said forward end of said car that would fully and completely protect said motorman from wind and storm as aforesaid.”
The offense charged is a violation of Section 3443-3 of the Revised Statutes, the language of which is as follows:
Sec. 3443-3. Sec. 1. “That every electric street car, other 'than trail cars, which are attached to motor cars, shall be provided during the months of November, December, January, February and March of each year, at the forward end, with a screen constructed of glass or other material which shall fully and completely protect the driver or motorman or gripman or other person stationed on such forward end, and guiding and directing the motor power by which they are propelled, from wind and storm, and the space provided on such car for such person shall, during the said months, be provided with a sufficient heating device to maintain a temperature at all times not below 60 degrees Fahrenheit.”
The penalty for the violation of this section is contained in Section 3443-4, reading as follows:
3443-4. Sec. 2. “Any person, agent or officer of any association or corporation violating the provisions of this act shall, upon conviction, be fined in any sum not less than $25.00 nor more than $100.00 for each day each car belonging to and used by any such person, association or corporation is directed or permitted to remain unprovided with the screen required in section one *163 (No. 3443-3) of this act; and it is hereby made the duty of the prosecuting attorney of each county of this state to institute the necessary procedure to enforce the provisions of this act.”
Defendants filed a motion to quash the indictment on the following grounds:
1. Because said indictment does not in form or substance charge an offense against any valid law of the state of Ohio.
2. Because said indictment attempts to charge an offense which does not exist under any law of the state of Ohio.
3. Because said indictment contains matter which in form and substance is redundant and irrelevant.
4. Because said indictment in the form and manner in which an offense against the laws of Ohio is attempted to be charged, does not require a plea from either of said defendants.
5. Because said indictment is bad in form and substance in that it fails to state by what lawful authority a duty was imposed upon either or all of said defendants to provide the screen described in said indictment.
6. Because no duty is imposed by law upon either or all of said defendants to provide said screen upon the ear designated and described in said indictment.
In support of the above motion defendants claim in argument—
1. “That there is a defect in the statutes cited above Avbich makes them inoperative and that, therefore, the indictment charges no offense against any valid law of the state, ’ ’ and
2. “That the indictment is defective in not averring that the duty of defendants or any of them to carry out the provisions of the statute Avas imposed upon them by any valid law.”
We will consider these claims in their order and, that Ave may understand the argument on the first claim, will briefly state the history of the íavo sections of the statute referred to.
Section 3443-3 was originally passed April 20, 1893 (90 0. L., 220), exactly as it appears in the existing statute, Avith the exception that it did not contain the clause requiring the heating of the vestibuled space. This clause was added to the original act by amendment passed February 9th, 3,906 (98 O. L., 5), and at the same time and by this' last named-act the original section was repealed.
*164 By oversight or otherwise Section 3443-4, which prescribed the penalty for the offense set out in the original act, was not amended so as to provide for any additional penalty for a violation of the heating clause, but remains in its original form which prescribes a fine for ‘ ‘ each day each car * * * is directed or permitted to remain unprovided with the screen required in Section 3443-3.”
There is no penalty for violation of the requirement that the space shall be heated. In other words, the amending act of 1906 fails to attach any penalty to the new offense which is created, but does repeal the original act.
There is no question that the original sections were constitutional, as that fact was so found in the case of The State v. Nelson, 52 O. S., 88.
But defendants claim that the defect in the amending act above referred to renders the entire act, as it now stands upon the statute book, inoperative and that the indictment being drawn under such act should be quashed because no offense can be charged for violation of such inoperative act.
Briefly stated, the issue raised is this: What is the effect upon a- valid existing act if an attempt is made to amend it by an inoperative or void act which at the same time attempts to repeal the original valid act? Does it destroy the original act by the attempted repeal and, at the same time, create a new .act incapable of enforcement ? Or, does it merely render the amendment futile both as to the new matter attempted to be added to the offense and as to the attempted repeal of the original act?
Fortunately, we are not confined to a mere theoretic conclusion based on speculation, as this question has been passed upon in a number of well considered cases and is regarded by text-book writers as settled. As a rule the cases referred to have been decided upon amendments which were unconstitutional instead of inoperative, as claimed in this case, but the principle is the same.
We regard it as elementary that no statute creating a penal offense which contains no penalty for its violation is enforceable. As the amended act of 1906 provided no punishment for the violation of the heating clause in the amended act it is our opinion that the said act is unenforceable and inoperative. The *165 question then to be determined is whether the original act, as it stood prior to the attempted amendment, is still in force.
Quite recently our circuit court had the identical question before it in the case of The State, ex rel Rulison, v. Mackelfresh, (9 C. C.—N. S., 324), a proceeding in quo warranto involving the consideration of Section 568, Revised Statutes, and also 91 O. L., 78, and 92 0. L., 59. The court found that 91 0. L., 78, which amended Section 568 of the Revised Statutes, was unconstitutional and that 92 0. L., 59, which amended 91 0. L., 78, was also unconstitutional, and that although each contained a repealing section of the act which it attempted to amend, the repealing section being part of an unconstitutional act was itself inoperative and that the original Section 568 remains in force.
The court in its decision refers to the case of The State, ex rel Wilmot et al, v. Buckley et al, 60 O. S., 273, the third and fourth syllabi of .which are as follows:
3. “Section 2926b, 92 0. L., 166, Revised Statutes, excepts from its operation the city of Mansfield and cities of- the fourth grade of the first class and is therefore unconstitutional.1 ’
4. “The said section being inoperative, the repealing section contained in the same act is also inoperative, and this leaves said Section 29265, as amended April 28,1890, 87 0. L., 359, in force.”
In the case of The State, ex rel Kelly, v. Thrall, 59 O. S., 368, the third syllabus is as follows:
3. “The act of April 26, 1898, to amend Sections 1202 and 1203 of the Revised Statutes, 93 O. L., 351, is void including its repealing section and said original sections continue in force notwithstanding said act. ’ ’
In the case of The State, ex rel, v. Smith et al, 48 O. S., 211, the court said on page 219 :
“As the act itself is invalid, the repealing clause must also be held inoperative. ’ ’
In the case of Meshmeier v. State, 11 Ind., 482, the court held that where an amendatory act containing a clause repealing an existing statute was unconstitutional, the repeal might nevertheless be good and the existing law be repealed by virtue of said amendatory act even though unconstitutional.
*166 But the Supreme Court of that state, iu a subsequent ease, State, ex rel, v. Blend et al, 121 Ind., 514, said:
“In the case of Meshmeier v. State, 11 Ind., 482, it was held that a repealing clause attached to an unconstitutional act of the Legislature might repeal a former valid statute upon the same subject. The general principle announced in that case is undoubtedly correct, for it must be conceded that the Legislature may use such language in the repealing clause attached to an unconstitutional law as to leave no doubt as to its intention to repeal a former law in any event. In such case the law intended to be repealed would cease to exist, even though the law to which the repealing clause is attached should fail by reason of being in conflict with the Constitution.
“Where, however, it is not clear that the Legislature, by a repealing clause attached to an unconstitutional act, intended to repeal the former statute upon the same subject except upon the supposition that the new act would take the place of the former one, the repealing clause falls with the act to which it is attached. ’ ’
Bishop on Written Laws, Section 34, says:
“An act consisting of affirmative provisions and a repealing clause may be void as to the former and good as to the latter. Yet, practically, this would not be so, commonly; because in most instances the new provision is the motive for repealing the old, so that where the new can not stand the repeal should not. ’ ’
In the ease of Backenstoe v. State, 2 Nisi Prius—N. S., 182, certain sections of the statute were found to be unconstitutional and the court said “they are necessarily a nullity, and I must so hold, and by reason thereof it follows that the jurisdiction of the police court of this city exists under and by virtue of unrepealed sections. ’ ’
In the case of Gorman v. Bepler, 4 Nisi Prius, 242, the first clause of the syllabus is as follows:
“1. The act of April 13, 1894, 91 O. L., 135, having been declared by the Supreme Court to be unconstitutional and void =» * a the remaining parts of the act, together with the repealing clause, are also invalid. ’ ’
In the case of Tims v. The State, 26 Ala., 165, the fourth syllabus is:
*167 4. “A repealing clause in an unconstitutional statute declaring ‘that all laws contravening the provisions of this act be and the same are hereby repealed,’ does not affect the previous laws.”
In the case of Sullivan v. Adams, 3 Gray, 476, the court said:
“A statute which expressly repeals all acts inconsistent with its provisions has no effect on acts inconsistent only with a void clause in the repealing statute. ’ ’
In the ease of Shepardson v. The Milwaukee, etc., R. R. Co., 6 Wis.. 578, the syllabus is:
“An unconstitutional act of the Legislature amendatory to the charter of the Milwaukee and Beloit Railroad Company, in regard to the taking of private property for the use of their road, and purporting to repeal so much of the charter as is inconsistent therewith, being void, does not operate to repeal the original charter in that respect. ’ ’
In the case of State v. Judges, etc., 11 Wis., 50, the court said:
“An act void as being in conflict with the Constitution can not repeal an act in conflict with the provisions of the unconstitutional act.”
In the case of The People v. Tiphaine, 3 Parker, 241 (N. Y.), the court said:
“The act entitled ‘An act for the prevention of intemperance, pauperism and crime’ being unconstitutional, the provisions of the Revised Statutes on the subject were left in full force, notwithstanding the clause in the act repealing all previous statutes inconsistent with its provisions. ’ ’
In the case of The State of Nevada v. Hallock, 14 Nev., 208, the court said:
“It is sufficient for the purposes of this case to say that it can not be presumed the Legislature would have repealed the law of 1861 without they had thought the act to be a sufficient substitute therefor; and since we are constrained to hold the principal provisions of this act unconstitutional, it follows that the repealing clauses must fall with the rest. ’ ’
From these decided cases, and many other cases we might cite, and the conviction that it could not have been the intention of *168 the Legislature to repeal the original act (3443-3), whether the amending act was operative or not, and having already decided that the act of 1906 (98 O. L., 5), was inoperative, we now further decide that the repealing section of that act is also inoperative and the original act stands as it was prior to the attempted amendment and that so much of said act as appears in said Section 3443-3 as relates to the requirement of heating the vestibuled space is inoperative.
It is also the opinion of the court that so much of the indictment as charges an offense against the defendant for permitting the ear named therein .to be operated without the heating arrangement may be regarded as surplusage and may be stricken out or disregarded.
The second claim made in argument by defendants is that ho law imposes the duty upon any of the defendants to provide the vestibuling required by the statute. With this we can not agree. The statute, Section 3443-3, is mandatory in that it requires “that every electric street car * * * shall he provided,” etc. This certainly devolves a duty upon some one to see that the law is carried out. But the second section of said act (3443-4), goes further and names those who shall be punished for the violation of the act, viz;
“Any person, agent or officer of any association or corporation violating the provisions of this act, shall * * * be fined * * * for each day each ear * * * is directed or permitted to remain unprovided with the screen required in Section 3443-3.”
The offense created in this act may be either one of omission or commission, of omission in permitting the car to be operated without the screen, or of commission in directing that it shall be so operated. It may well bo true that, as contended by defendant, the board of directors of the traction company are primarily guilty of violating the act under consideration, if it has been violated by any person. But that in no way detracts from the responsibility of the other officers or other agents of the company who, as a matter of fact, had actual control by virtue of their official duty over the operation of said ear.
Outcalt c& Foraker, for motion.
Rulison, Morris, Sawyer & Rose, for the state.
All of these officers and agents are presumed to know the law and, to the extent of the authority vested in them to control or manage the property of the company, each is liable for a violation of the act referred to, if said act has been violated.
The indictment charges that it was the duty of each of the defendants to carry out the provisions of the act. This is a,sufficient allegation of his responsibility. Whether the charge is true that it was his duty to direct or not to permit said car to be run without the screen, as stated in the indictment, is a matter of fact to be proven on the trial, the same as any other material allegation, and the omission to state in what manner this duty is devolved upon him is not a ground for quashing the indictment nor in support of a demurrer.
The burden of proving this duty will be upon the state, and if the state fails to establish it, beyond a reasonable doubt, the defendant or defendants should be acquitted.
The court therefore finds that this claim on the part of defendants is not well taken, and as the court finds no error apparent on the face of the indictment the motion to quash is overruled.
In reaching this conclusion, we have taken into consideration the fact that the indictment in this case, with the exception of the insertion of the clause in relation to heating the vestibuled space, is practically an exact copy of the indictment against Samuel L. Nelson, tried in the Clark County Common Pleas Court, and ultimately taken to the Supreme Court on demurrer, .and which is reported in the 52d Ohio State, 88 (State v. Nelson).
It is true that in this case the only point passed upon by the Supreme Court or raised by demurrer, so far as the record shows, was the unconstitutionality or not of the original Sections 3443-3 and 3443-4. But on the theory that a demurrer searches the entire record to find flaws that are not alleged, as well as those that are, we think we may be safe in assuming that the indictment in the Nelson case was not subject to being quashed for any of the alleged defects claimed by defendants in this case or raised by them on demurrer under the guise of a motion to quash.