## TIMS *vs.* THE STATE.

1. The constitutional guaranty of a trial by jury " in all prosecutions by indictment or information," (Art. I, § 10,) does not apply to offences created by statute since the adoption of the constitution, except in the specified cases ; but it is within the power of the Legislature to make such offences triable before a justice of the peace without indictment.
2. Nor does the provision contained in the twenty-eighth section of the same article, which declares that " the trial by jury shall remain inviolate," extend the right of a jury trial to cases which were unknown, at the time of the adoption of the constitution, either to the common or to the statute law.
3. The third section of the act of February 7, 1854, (Pamphlet Acts 1853-4, p. 247,) which makes defaulting overseers of roads triable before a justice of the peace, is not violative of the right to a trial by jury, as secured by the tenth and twenty-eighth sections of the first article of the constitution ; but it is unconstitutional (Art. V, § 10,) in that it makes no provision for an appeal, and the general law regulating appeals (Code, § 2811) is inapplicable to the case.
4. A repealing clause in an unconstitutional statute, declaring " that all laws contravening the provisions of this act be, and the same are hereby, repealed", does not affect the previous laws.

ERROR from the Circuit Court of Pickens.
Tried before the Hon. GEO. D. SHORTRIDGE.

THE indictment in this case, which was found at the Spring term, 1854, of the Circuit Court of Pickens, is in these words :

" The grand jury of said county charge, that, before the finding of this indictment, Daniel Tims, an overseer of roads in said county, failed to discharge his duties as such overseer, against the peace and dignity of the State of Alabama."

At the Fall term, 1854, the proceedings which were had are thus set out in the record :

"1. The said Daniel Tims, in his own proper person, and by attorney, comes into open court, and in short by consent demurs to the bill of indictment against him, because (he says) he is not chargeable by law as set out in said indictment; and further, that this court has not jurisdiction in such cases.

"2. He says, that this court ought not to take further jurisdiction of this cause, because, previous to the finding of said bill of indictment, the Legislature has passed a special act, giving all such cases to the different justices of the peace in Pickens county, who alone have jurisdiction in such original suits.—See Pamphlet Acts 1853-4, No. 388, § 3. He therefore prays the court to discharge him from further pleading in this case, and that he may have judgment to go hence," &c.

The record then shows the following "Orders:"—"First demurrer to indictment overruled"; "Second demurrer to defendant's second plea sustained"; after which follows the judgment-entry, which purports to have been rendered on the verdict of a jury on issue joined upon the plea of not guilty.

The bill of exceptions is then set out, which is as follows; "On the trial of this case, the default of the defendant, as charged in the indictment, was proved to have occurred subsequent to the 8th day of February last. The defendant requested the court to charge the jury, that unless they were satisfied from the evidence that the default of the defendant, if any had been proved, occurred before the 8th day of February last, they must find the defendant not guilty; but the court refused to give this charge, and thereupon the defendant excepted."

TURNER REAVIS and S. F. SHELTON, for the appellant.
M. A. BALDWIN, Attorney General, contra.
(No briefs have come to the hands of the Reporter.)

GOLDTHWAITE, J.—By the Code (§ 1179) certain defaults and omissions of duty on the part of overseers of roads are declared to be misdemeanors, and were therefore indictable offences (Code, § 3074). By the third section of the act of 7th January, 1854, (Acts of 1853-4, 247,) it is enacted, "that defaulting overseers on roads shall be triable before a

Tims v. The State.

justice of the peace of their respective precincts, subject to the same penalty as required by the law now regulating the same under higher jurisdictions"; and the same section contains a clause repealing all laws contrary to the provisions of the act. The only question raised upon the record is, as to the constitutionality of the section referred to.

On the part of the State it is urged, that it is in violation of the tenth section of the declaration of rights, which is in these words: "In all criminal prosecutions, the accused has a right to be heard by himself and counsel; to demand the nature and cause of the accusation, and have a copy thereof; to be confronted by the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and in all prosecutions by *indictment or information*, a speedy public trial by an impartial jury of the county, or district, in which the offence shall have been committed; he shall not be compelled to give evidence against himself, nor shall he be deprived of his life, liberty, or property, except by due course of law." It is clear, that no part of the constitutional provision we have quoted is affected by the act of 1854, unless it be that portion which gives to the accused the right to a trial by jury in all prosecutions by indictment or information, for the reason, that all the other requisitions of that section can be complied with in the proceeding before the justice. But without the authority of the law conferring the power on the justice, he would have no means of summoning and compelling the attendance of a jury; and no such power is conferred. Indeed, it is obvious that, as no provision is made for a jury by the general law, so far as justices are concerned, and none by the particular statute which gives them authority to try, a jury trial was not contemplated by the Legislature under the act of 1854.

But the benefit of a trial by jury is not reserved by the constitution to every one who is accused of a violation of the law. It is conferred as a right, by the tenth section, only in cases of prosecutions by "indictment or information"; and where an offence is created by statute since the adoption of the constitution, no right to a jury is conferred, except in the specified cases. We confine ourselves guardedly to the single case we have put, and make no intimation as to offences which

by the law in force at the adoption of the constitution were or could be proceeded against by either indictment or information. The offences which the statute was intended to reach were unknown to the common law, and have been created since the period we have named ; and there was, therefore, no want of power in the Legislature to make them triable before a justice without an indictment. Having full authority over this class of cases, so far as the denial of a jury trial is concerned, it was competent for them to change the character of the offence, by the repeal of the law which made it indictable, and to reach it in another mode. This they have done in the present instance, by making the offence cognizable before a justice, whose jurisdiction in criminal cases is not limited by the constitution, although in civil matters it extends to no case in which the amount in controversy exceeds fifty dollars.—Con., Art. V, § 10.

What we have said in relation to the term "indictments" as used in the constitutional clause referred to, applies equally to "informations." That term is used in its technical sense, and refers to a common-law proceeding, by which the crown was enabled to reach indictable offences of a grave nature, without the medium of a grand jury, upon the complaint of the Attorney General filed by leave of the court.—1 Chitty's Crim. L., 842. The statute evidently has no reference to a proceeding of that character.

But it is also urged, that the act is in conflict with the twenty-eighth section of the bill of rights, which declares " that the trial by jury shall remain inviolate." In relation to this position, it is only necessary to observe, that it was not intended by this clause of the constitution to extend the right of jury trial to cases which were unknown, either to the common or statute law, at the time of the adoption of that instrument.—Boring v. Williams, 17 Ala. 510.

These are the only objections which have been raised in argument against the validity of the statute ; but there is one which, although it has not been adverted to, it is not the less our duty to notice. It is founded on the tenth section of the fifth article of the constitution, which is in these words : "A competent number of justices shall be appointed in and for each county, in such mode, and for such term of office as the

General Assembly may direct. Their jurisdiction in civil cases shall be limited to causes in which the amount in controversy shall not exceed fifty dollars; and in *all cases* tried by a justice of the peace, the *right of appeal shall be secured,* under such rules and regulations as may be prescribed by law." There can be no mistake in the meaning of the last clause. It gives an appeal to the individual, as a right, in every case—civil or criminal—tried before a justice; and the wisdom of the provision is apparent, when it is remembered that the constitution fixes no limits to the jurisdiction of a justice in criminal cases. The exercise of the right may, it is true, be regulated and limited by the Legislature; but it must exist in some shape. This statute, which makes the offence triable before a justice, makes no provision for an appeal. But it may be urged, that the general law, allowing appeals to be taken upon any judgment rendered by a justice of the peace, (Code, § 2811) fulfils the constitutional requisition. The provisions of the Code are, in this respect, substantially the same as the old law (Clay's Dig. 314, § 9); and it is evident they were not intended, and indeed would be wholly inadequate to meet the exigencies of the cases covered by the statute under consideration. The bond, or undertaking, which is required before the appeal is taken, is to be payable to the person in whose favor the judgment is rendered (Code, § 2811); and notice of the appeal is to be given the appellee. By the Code (§ 3625), as well as by the former law (Clay's Dig. 441, § 22), imprisonment was required to be imposed on the offender, if the fine was not paid or judgment confessed; and the act of 1854, in express terms, subjects the defendant, if convicted, to the same penalty. But the law of appeals provides no means for securing the personal attendance of the appellant, so that it might become impossible to enforce the penalty of imprisonment. In any aspect in which we are able to view it we cannot regard the general law regulating appeals from a justice as applicable to the conviction of an overseer under the act we have considered. The law we have referred to having no application, and the act itself not providing for an appeal, the constitutional right is not secured, and it is our duty to declare the third section of it invalid, except so far as it repeals the laws in conflict with the provisions of the

other sections which have no relation to the trial before the magistrate.

But it is insisted, that conceding the act to be void in the respect we have declared—still the Legislature had the power to repeal the previously existing laws in conflict with this provision. This is unquestionable ; and if the repealing clause had declared that so much of the previously existing laws as made defaults of overseers cognizable by indictment, was repealed, a different case would have been presented. But the evident intention of the Legislature was, that the provisions of the former law were only to be repealed if in conflict with the act. The words are, " that all laws contravening the provisions of this act are hereby repealed." If the new law is void, the provisions of the former law cannot with propriety be said to be in conflict or contravention of it.

Judgment affirmed.