226        NEW YORK PRACTICE REPORTS.

Devoy agt. The Mayor, &c. of New York,

## SUPREME COURT.

### John C. Devoy agt. The Mayor, &c. of New York.

The rule which excludes papers as evidence, on account of an *unexplained altera-
tion,* applies to papers in possession of the *party* to be injured or benefited thereby,
but not to official documents in the custody or under the control of a public officer.
The *mayor and aldermen* of the city of New York in convention, must appoint the
*clerks of police courts* for that city. The police act of 1857 conferring the
authority upon the *board of police* to make such appointments, is *unconstitu-
tional* in that respect.

*New York General Term, November,* 1861.
Clerke, Leonard and Ingraham, *Justices.*
Motion by plaintiff for a new trial.

—— —— *for plaintiff.*
H. A. Anderson, *for defendants.*

By the court, Ingraham, Justice. Edward Bouton was
appointed clerk of the first district court by the mayor and
board of aldermen, in December, 1857. He performed the
duties of the office for three months. The salary was not
paid, and the claim assigned to the plaintiff. This action
is brought to recover the same.

Upon the trial of the action, a certified copy of the oath
of office of Bouton, filed in the county clerk's office, pro-
perly certified by him, was offered in evidence, and rejected
by the court, upon the ground that the original should be
produced.

By law, the oaths of all officers whose duties are local,
are to be deposited in the county clerk's office in the county
where they reside. (1 *R. S.,* 411, *5th ed.,*) and by the
121st section, (1 *R. S., p.* 868, *5th ed.,*) copies of all papers
filed with the county clerk, certified by such clerk, &c.,
shall be evidence in all courts in like manner as if the ori-
ginals were produced. If the proof of having taken the

oath of office was necessary to enable the plaintiff to recover, then the evidence offered was admissible, and the judge erred in excluding it.

I. The judge excluded the oath offered from the mayor's office, because it appeared that the date in the *jurat* had been altered, and the alteration was not explained.

The counsel conceded that the explanation of such alteration should be received from the mayor and form part of the case. That explanation is now furnished with the case, by which it appears the alteration was made by the mayor at the time of administering the oath. With such explanation, the paper should have been received in evidence; and the subsequent receipt of this evidence to be submitted to the general term, I think, amounts to a waiver of the objection if the explanation is satisfactory.

But, even without the explanation, I think the evidence was admissible. The rule which excludes papers, on account of an unexplained alteration, applies to papers in possession of the party to be injured or benefited thereby, but not to official documents not in the custody or under the control of the party. Here the oath offered was taken before the mayor, and filed in his office. The presumption of a fraudulent alteration ought not to be indulged against the party making the oath, who never afterwards had the custody of the papers. The main question, however, in this case is, whether the appointment of Bouton, as clerk of the police court, on the 31st December, 1857, was valid.

By the act of 1855, (*ch.* 293,) the mayor and aldermen were authorized, in convention, to appoint the clerks of police courts. There is no objection to the mode of appointment, if the power to make it still remained in those officers. By the police act of 1857, (*ch.* 259, § 20,) it is enacted that the board of police shall appoint all clerks prescribed to the judicial districts in which police justices are elected, &c. If this provision is valid, then the power conferred upon the mayor by the previous statute was taken

away.  Its validity depends upon the question whether the legislature could vest the appointment in the police commissioners.

By sec. 2 of 10th article of the constitution, the appointment of local officers was directed to be made by county, city or town authorities, or should be elected by the people. The construction of this provision has been adopted by the court of appeals, that it only applies to offices then in existence, and they have also held that offices created since the adoption of the constitution may be appointed in such other mode as the legislature shall direct.

The question then in this case is narrowed down to the simple inquiry whether the office of police court clerk had been created prior to the new constitution of 1847 ; because it is conceded in the opinion in that case, that if the police officers referred to in that act were at the time of the adoption of the constitution, county or city officers, their appointment by the state authorities could not be sustained ; and if they were not created prior to that time, then the appointments under this act would be valid.  (*The People* agt. *Draper*, 15 *N. Y. R.*, 532 ; *the same* agt, *Police Board*, 19 *N. Y. R.*, 188.)

That such office existed before the adoption of the constitution is clear.  By the act of 1833, (*ch.* 11, § 22,) the power to appoint clerks of the police office was given to the mayor, &c. of New York ; and by the act of 1844, (*ch.* 315,) the corporation was to designate the magistrates and clerks for each police district.  The office, therefore, having been one in existence before the adoption of the constitution, was a local office, and the power to fill it could not be vested in the state officers, or in any other manner than was provided in the constitution.

The repeal of the provisions of law adverse to the provisions of the act of 1857, did not repeal the statute under which the plaintiff claims, because so much of the act of 1857 as was unconstitutional and void was no law, and the

McQueen agt. Babcock.

repeal referred to did not include provisions which were in conflict with that part which was void. (*Tims* agt. *The State*, 26 *Ala.*, 165.) We think, therefore, that Bouton was legally appointed a clerk, notwithstanding the provisions of the metropolitan police act, and as such was entitled to recover.

A new trial must be ordered; costs to abide the event.