## Ex Parte HAUGHTON.

### [APPLICATION FOR HABEAS CORPUS.]

1. *Constitutionality of vagrant law.*—Sections 3795-6-7-8 of the Code, in reference to proceedings against vagrants, are unconstitutional, because no appeal from the judgment of the justice is provided.

APPLICATION by William W. Haughton for the writ of *habeas corpus*, or other remedial process, to procure his discharge from confinement in the county jail of Mobile. The petition, with the accompanying exhibits, showed that the petitioner was arrested, on the 1st December, 1862, under a warrant issued by a justice of the peace, on the complaint of a woman who claimed to be his wife, and who alleged that he had abandoned her and his family, leaving them without an adequate support; that the justice, after hearing the evidence, ordered him to give bond, with sureties, for his good behavior, as prescribed by section 3796 of the Code, or, in default of such bond, to be committed to jail; that he thereupon sued out a *habeas corpus* before the Hon. C. W. RAPIER, a judge of the circuit court; and that the said judge, on the hearing, refused to discharge him.

THOMAS A. HAMILTON, for the petitioner.
C. F. MOULTON, *contra.*

A. J. WALKER, C. J.—Sections 3794, 3795, 3796, 3797, and 3798 of the Code, pertain to the subject of vagrancy. They define the description of persons who are vagrants, authorize their arrest upon a justice's warrant, and, upon a conviction before the justice, require that they should give bond for good behavior, or be imprisoned for ten days ; and further prescribe that, upon a second conviction, they shall be committed to jail for twenty days, and fed on bread and water. These sections contemplate proceedings which are final in their character, and not merely preliminary steps to a prosecution in the circuit court. Whether the object of the proceeding is merely preventive, or both preventive and punitive, may admit of debate ; but we do not deem it necessary to consider that question. It is sufficient for the purposes of this opinion to ascertain that, whatever may be the purpose of the statute, the judgments of the justices under it are final, and not preliminary to a prosecution. From such judgments, the 8th section of the 5th article of the constitution of this State requires, that the right of appeal should be secured, under such rules and regulations as may be prescribed by law. No appeal being provided for, the law is unconstitutional and void.—*Tims v. State*, 26 Ala. 165. The circuit judge should, for this reason, have declared void the proceedings before the justice, including his judgment, and discharged the prisoner.

The writ of *habeas corpus*, as prayed for, is ordered to issue, "unless the counsel engaged are satisfied that no new phase of the case would be presented by the return, and are content to apply to the judge below for the relief they seek, as hereby indicated."—Ex parte *Burnett*, 30 Ala. 460 ; Ex parte *Croom & May*, 19 Ala. 561.