## THOMAS ET AL. *vs.* BIBB ET AL.

[ATTACHMENT—"ACT FOR THE PROTECTION OF AGRICULTURAL LABORERS;" UN-
CONSTITUTIONALITY OF.]

1. *Objection, what can not be raised for first time in appellate court.*—The
objection that no complaint was filed can not be made for the first time
in the supreme court, when the record shows that the parties appeared
by attorney in the court below.
2. *Act of December 28th, 1868, entitled "An act for the protection of agricul-
tural laborers;" unconstitutionality of.*—The "Act for the protection of
agricultural laborers," approved December 28th, 1868, is unconstitu-
tional, because it does not provide for a trial by jury ; there being no
provision for such a trial in the act, or by the general law, either in the
probate court, or in the circuit court on appeal.
3. *Same.*—An act of the legislature conferring additional jurisdiction on
the probate court, without provisions in the act for an appeal, is not
unconstitutional, if an appeal is provided by the general law.

APPEAL from the Probate Court of Montgomery.
Tried before Hon. GEORGE ELY.

The facts upon which the case turns are set out in the
opinion.

WATTS & TROY, and GRAVES & RHEA, for appellants.
JOHN G. FINLEY, *contra.*

B. F. SAFFOLD, J.—The appellees, upon affidavit,
reciting that the appellants were justly indebted to them
four hundred dollars for services as agricultural laborers,
and that a portion of the crops cultivated by them had
been removed from the premises, whereon they were grown,
without full payment of all wages due, obtained an attach-
ment returnable to the probate court. This attachment
was levied on four bales of cotton, in the possession of
Lehman, Durr & Co., who were also summoned as gar-
nishees. The cause was tried by the probate court and
judgment rendered against the defendants, the entry of
which recites that the parties came by their attorneys, and

the evidence being heard the cause was submitted to the court, &c. The defendants excepted to the rendition of the judgment.

We will not consider the assignment of error, in reference to the amendment of the affidavit, because it was not excepted to on the trial, and is not urged by the appellant's counsel.

The objection, that no complaint was filed, can not be made for the first time in this court. As the parties appeared by attorney, we are authorized to presume that it was dispensed with or lost.—*Allen v. Harper*, 26 Ala. 686 ; *Bancroft v. Stanton*, 7 Ala. 351.

It is insisted that the probate court had no jurisdiction to try the case, because the act of the legislature authorizing the proceeding is unconstitutional—1st. In not providing for an appeal ; 2d. In not providing for a trial by jury. In support of the first ground of objection two cases are cited.—*Ex parte Haughton*, 38 Ala. 570, and *Tims v. The State*, 26 Ala. 165. The decision in these cases was based upon the fact that the proceedings were before a justice of the peace, and of a criminal character, concerning which no appeal was provided, either by the general law or the special acts conferring the jurisdiction. In the case of *Tims v. The State*, the court says : "The general law, having no application, and the act itself not providing for an appeal, the constitutional right is not secured ! These decisions, moreover, were constructions of a provision of the constitution exclusively applicable to cases tried before justices of the peace.—Const. Art. 6, § 13. The Revised Code, section 2247, provides that "any party to a suit or proceeding aggrieved by a final judgment, decree or order of the judge of probate in such suit or proceeding, may appeal to the circuit or supreme court therefrom," &c. As to the second ground of objection, the right of trial by jury is confined to cases in which it was conferred by the common law, to suits which the common law recognized amongst its old and settled proceedings and suits, in which legal rights were to be ascertained and determined, in contradistinction to those in which equitable rights alone were recognized, and equitable remedies were admin-

istered, or in which was a mixture of law and equity.—
Story on Const. § 1763 ; *Tims v. The State*, 26 Ala. 165 ;
*Boring v. Williams*, 17 Ala. 510. Our State constitution
confers upon the probate court jurisdiction of contracts for
labor, a court in which the trial by jury does not prevail.
In consideration of the changes which are continually hap-
pening in the affairs of society—the great change which
has recently taken place in our society—it was doubtless
thought expedient and wise, while preserving this invalu-
able right intact, to present to the people a speedier, and (in
many cases) a more preferable mode of determining ques-
tions of property. The probate court answers generally
to the spiritual court of the common law, and, in the mat-
ters of its peculiar jurisdiction, no right to a trial by jury
existed previously, or is conferred by the constitution.
The "Act for the protection of agricultural laborers," (Acts
of 1868, p. 455,) was designed to put into operation a pro-
vision of section 9, of article 6, of the State constitution.
How can this provision be made to harmonize with section
13 of article 1, "that the right of trial by jury shall remain
inviolate." It will be observed that the same question is
presented respecting the jurisdiction of justices of the
peace.—Const. Art. 6, § 13. The court of a justice of the
peace may be said to be really a jury court, because, in
their quarter sessions, if they inquire of any offense, or
decide any cause between party and party, they do it by
jury.—Lamb. Eiren, 384. But, without provision by law,
they can not impannel a jury ; though the justice's court
has been a jury court in this State since 1858, yet from
the inception of the State to that time it was not. The
right to the circuit court, and a trial *de novo* there, were all
the time secured by law, and thus was the right of trial
by jury preserved. In appeals from the probate court the
appellant may go either to the circuit or supreme court,
where the issue is tried without a jury, and on the record
only. It must be conceded that cases of which jurisdic-
tion is given to the probate court, by the act under consid-
eration, are such as the right of trial by jury attaches to.
Neither the special act nor the general law secures the
right. We are therefore impelled to the conclusion that

the said act is unconstitutional. In view of the great benefit to be derived to the people from the prompt and speedy determination of suits respecting small debts, and, especially those arising out of an interest so great and indispensable as that of agriculture, we feel it incumbent upon us to say that the objection to the act would be remedied either by a provision for an appeal to a jury, or one for an appeal to the circuit court, with a trial *de novo*, as in the case of justices of the peace.

The judgment is reversed, and as the cause can not be maintained, it is not remanded.