# Boone *v.* The State,

## *Violating Section 6321, Code 1907*

(Decided Jan. 14, 1911. 54 South. 109.)

1. *Constitutional Law; Equal Protection.*—Section 6321, Code 1907, is not violative of the 14th amendment of the constitution of the United States on the ground that it discriminated against corporations or placed unreasonable and arbitrary restrictions upon the occupation of practicing law.

2. *Same; Corporation; Person.*—A corporation is a person within the provision of the 14th amendment of the constitution of the United States.

3. *Same; Liberty of Contract.*—Under the police power the liberty of contract may be restricted.

4. *Officers; Public Officers.*—The holding of a public office is a privilege which may be enjoyed only upon the conditions fixed by the legislature.

5. *Municipal Corporations; Officers; Indictment; Sufficiency.*—An indictment under section 6321, Code 1907, must allege that the defendant was an officer of the municipality at the time he acted as an attorney for a public utility corporation.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Burwell Boykin Boone was convicted of acting as attorney for a public utility corporation, while holding

a municipal office, in violation of statute, and he appeals. Reversed and remanded.

Omitting the formal charging part, the indictment is as follows: "(1) Burwell Boykin Boone, an officer of the city of Mobile, a municipality in this state, acted as the attorney for a public utility corporation doing business or exercising its franchise in the corporate limits of said municipality. (2) Burwell Boykin Boone, an officer of the city of Mobile, a municipality in this state, acted as the attorney for the Mobile & Ohio Railroad Company, a public utility corporation doing business or exercising its franchise in the corporate limits of said municipality. (3) Burwell Boykin Boone, an officer of the city of Mobile, a municipality in this state, namely, the city attorney of said municipality, acted as the attorney for the Mobile & Ohio Railroad Company, a public utility corporation, doing business or exercising its franchise in the corporate limits of said municipality, against the peace and dignity of the state of Alabama."

The case was tried without a jury. The state introduced in evidence a written statement that the following facts are admitted by the defendant: (1) That the defendant has been employed by the Mobile & Ohio Railroad Company, a corporation organized and existing under and by virtue of the laws of the state of Alabama, as an attorney continuously since the admission of the defendant to the bar of Mobile county, in March, 1880, to September 30, 1910. Said Mobile & Ohio Railroad Company has been operating a railroad in Mobile county, Ala., for more than 60 years, and the principal office of said corporation is in the city of Mobile; that said defendant first became aware of section 6321 of the Criminal Code of Alabama, of 1907, in the latter part of July, 1910, and at that time he was assur-

ed by reputable counsel, a member of the bar of the Supreme Court of Alabama, that said section of the Criminal Code of Alabama, was unconstitutional, as it was repugnant to the 14th amendment to the Constitution of the United States. (2) That after July, 1910, and before the finding of this indictment the said defendant acted and continued to act in the city and county of Mobile, Ala., as the attorney for the Mobile & Ohio Railroad Company, and that said defendant while so acting since July, 1910, as such attorney for the Mobile & Ohio Railroad Company, a public utility corporation, was also the legal and qualified city attorney of the said city of Mobile, and as such city attorney he was an officer of the said city of Mobile, a municipal corporation organized under the laws of Alabama; that the defendant ceased to act or be in the employ as an attorney for said public utility corporation, that is, the Mobile & Ohio Railroad Company, on Sept. 30, 1910. (3) That the employment of the said defendant as attorney for said Mobile & Ohio Railroad Company never at any time in any manner whatsoever conflicted with any business or other interests of the city of Mobile; that the defendant has been city attorney of the city of Mobile continuously since March, 1897, being elected to that office by the qualified electors of said city of Mobile, and in 1908, by the city council of the city of Mobile, to serve until October, 1910, and was again elected by said city council of said city of Mobile as city attorney for the term beginning Oct. 3, 1910, and ending the first Monday in October, 1912. Said defendant was elected by the qualified electors of Mobile county, Alabama, a member of the constitutional convention of Alabama, of 1901, and has been a member of the bar of the Supreme Court of Alabama since July. 1882, and a member of the bar of the Supreme Court of the United States since January, 1888."

STEVENS & LYONS, for appellant. Section 6321, Code 1907, is void because it discriminates against corporations, and in favor of individuals, partnerships and other associations similarly situated and engaged, and because it discriminates against and places an unreasonable and arbitrary restriction against the occupation of practicing law. A corporation is a person within the meaning of the 14th amendment.—*So. Ry. Co. v. Green*, 216 U. S. 412; *Gulf, etc., Co. v. Ellis*, 165 U. S. 154; *Pembina, etc., Co. v. Pennsylvania*, 125 U. S. 188. The right to contract is uniformly held to be within the protection of the 14th amendment.—*Allegeyer v. Louisiana*, 165 U. S. 589. That the statute is unconstitutional for the reasons stated above see *Smith v. L. & N.*, 75 Ala. 450; *Brown v. A. G. S.*, 87 Ala. 372; 19 Fed. 694; 178 Fed. 624, and authorities there cited; 184 U. S. 562; 178 Fed. 626. While the police power is broad, there is a limit thereto well defined by the authorities. —*McLean v. Arkansas*, 201 U. S. 579; *Welch v. Swasey*, 214 U. S. 91. Section 1457, Code 1907, is not effective because of the absence of a penalty, and is not made effective by section 7622.—*Young v. The State*, 48 So. 490. Section 1175, has no reference to anything but the mayor and aldermen, and it is submitted that it is unconstitutional.—*Smith v. L. & N., supra.* Even if section 6321, be held to be constitutional the indictment fails to aver that defendant was an officer of the corporation at the time, and is hence, defective.—*Sykes v. The State*, 67 Ala. 77.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State. Sections 1175 and 1457, declare a public policy of the state and section 6321, affixes a penalty for a failure to observe such policy. The holding of a public

office is a privilege which can be enjoyed only on the conditions prescribed by the law · making powers.— *Finklea v. Farish,* 160 Ala. 230. No case will be found to hold that the right of the state to declare a policy is subject to the right of contract. The cases of *Allegeyer v. Louisiana,* 165 U. S. 578, and *McLean v. Arkansas,* 211 U. S. 537, recognize the principle that the 14th amendment does not guarantee the citizen the right to make a contract which is forbidden by the state. The discrimination against the corporation cannot avail the appellant.—*Shehan v. Bailey,* 110 Ala. 308.

SAYRE, J.—Section 6321, Code 1907, provides that: "Any officer, alderman, or councilman of any municipality in this state who shall act as the attorney for any public utility corporation doing business or exercising its franchises in the corporate limits of the municipality, must, on conviction, be fined not less than one hundred nor more than five hundred dollars, and may also be sentenced to hard labor for not less than one nor more than three months." Appellant, having been convicted on an indictment charging a violation of this section, brings his case here for review.

Two reasons are urged why the statute is to be condemned as in conflict with the equal protection clause of the fourteenth amendment of the Constitution of the United States: (1) It discriminates against corporations, and in favor of individuals, partnerships, and other unincorporated associations similarly situated and engaged; and (2) it discriminates against, and places an unreasonable and arbitrary restriction upon, the occupation of practicing law. The statute, it is observed, makes it a misdemeanor for any municipal officer to act as attorney for a public utility corporation, but leaves such officers free to act in that capacity for

individuals, partnerships, and other unincorporated associations, operating public utilities in all respects similar to that operated by the corporation. It is said to be unconstitutional and void in toto, as denying the equal protection of the laws to corporations, in that individuals, partnerships, and unincorporated associations are left with a wider field from which to select their attorneys and greater liberty in making one class of contracts than corporations similarly situated and engaged. In the other aspect it is said that attorneys are unjustly limited in the selection of their principals.

The fourteenth amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." That corporations are persons within the meaning of this amendment is no longer open to discussion.—*Southern Ry. Co. v. Greene*, 216 U. S. 400, 30 Sup. Ct. 287, 54 L. Ed. —. Discussing the fourteenth amendment of the Constitution of the United States and that section of the Constitution of Alabama which provides that all corporations shall have the right to sue, and shall be subject to be sued, in all courts in like cases as natural persons, in *Smith v. L. & N. R. R. Co.*, 75 Ala. 449, Stone, C. J., in line with many general expressions to be found in the decisions of the federal courts, said: "The sum of these provisions is that no burden can be imposed on one class of persons, natural or artificial, which is not, in like conditions, imposed on all other classes." But the statute in question neither directly limits the right of corporations to have the widest field of choice in the selection of their attorneys, nor does it restrict attorneys generally in the selection of their principals. Its purpose and effect is to deny the right of municipal officers to accept employment from corporations operating public utilities within the limits of the municipality. Neither corporations

nor natural persons have a right to the services of any particular person, nor the right to the service of any person on particular terms; that is, they have no right to the services of municipal officers. It is the established doctrine of the Supreme Court of the United States, the final authority on the subject, that the liberty of contract is not universal, and is subject to restrictions passed by the Legislature in the exercise of its power to protect the safety and welfare of the people. There are manifold restraints to which every person is subject for the common good.—*Jackson v. Massachusetts,* 197 U. S. 11, 2 Sup. Ct. 358, 49 L. Ed. 643; *Williams v. Arkansas,* 217 U. S. 79, 30 Sup. Ct. 493, 54 L. Ed. —. In *Frisbie v. United States,* 157 U. S. 160, 15 Sup. Ct. 586, 39 L. Ed. 657, the Court says: "It is within the undoubted power of the government to restrain individuals from all contracts, as well as all individuals from some contracts. It may deny to all the right to contract for the purchase of lottery tickets; to the minor the right to assume any obligations, except for the necessities of existence; to the common carrier the power to make any contract releasing himself from negligence; and, indeed, may restrain all engaged in any employment which is against public policy. The possession of this power by the government in no manner conflicts with the proposition that, generally speaking, every citizen has a right freely to contract for the price of his labor, services, or property." And in that case the act of Congress prohibiting attorneys to contract for a larger fee than $10 for prosecuting pension claims was held to be a valid exercise of the police power.

So, to turn to appellant's second statement of his objection, the prohibition of the statute leaves attorneys unfettered choice in the acceptance of employment. It does, however, affect the right of those holding munici-

pal office to contract for services to public utility corporations. In other words, the prohibition in question amounts to just this: It is one of the burdens of office, imposed, no doubt, in pursuance of a public policy deemed salutary by the Legislature. To hold office is no right; it is a privilege conferred by the lawmaking power, involving no element of contract, and to be enjoyed on terms resting entirely within the legislative discretion. We think it cannot be said that the policy of imposing this burden is unwise or unreasonable. It is to be conceded that the Legislature, pursuing the same policy, might have gone further and extended the prohibition to the acceptance of employment by city officials from natural persons in like cases, and, no doubt, a perfectly consistent expression of the policy would have included natural persons. That the policy has not been carried to its full extent is a matter of no legal concern to either corporations or attorneys. From the state's right to regulate the conduct of its officers in whatever way may seem best to the state, it results that neither class is placed at a disadvantage in respect to the enjoyment of any legal right. In our opinion the statute is not unconstitutional.

The indictment preferred in this case is defective. In order to charge the offense denounced by the statute, it is necessary to aver that the defendant was an officer at the time he acted as attorney for the public utility corporation. Necessarily the two facts must coexist in order to constitute a violation of the statute. The pleader followed the language of the statute too literally. The exact point seems to have been decided by this court in *Sikes v. State,* 67 Ala. 77.

Reversed and remanded.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.