(90 South. 803)

**WOODWARD IRON CO. v. BRADFORD.**
**(6 Div. 458.)**

(Supreme Court of Alabama. Oct. 13, 1921.)

**1. Certiorari ⬅1—Writ goes only to questions concerning jurisdiction of subordinate tribunal and legality of its proceedings.**

The supervisory power of a superior over an inferior legal tribunal by means of a common-law writ of certiorari extends only to questions touching the jurisdiction of the subordinate tribunal and the legality of its proceedings, the office of the writ being to correct errors of law apparent on the face of the record, and not to review conclusions of fact unless specially authorized by statute.

**2. Master and servant ⬡412—Judgment under Compensation Act reviewable on common-law certiorari.**

To review a judgment, of the circuit court, under the Workmen's Compensation Act, sections 21 and 28 of which provide for appeal by certiorari, the aggrieved party must within the 30 days allowed apply for a common-law writ of certiorari, which application must set forth the questions the law sought to be reviewed, which must be apparent upon the record, and the appellate court will consider questions of law so presented, but will not review conclusions of the judge supported by any of the evidence as set out or in the application of the law to disputed facts or objections to evidence.

**3. Appeal and error ⬡1—Legislature may limit, restrict, or abolish right of appeal.**

Appeals to the Supreme Court or Court of Appeals are subject to legislative control and can be limited, restricted, or abolished by the Legislature so long as it does not contravene the authority of the Supreme Court to superintend and control inferior tribunals as provided by Const. 1901, § 140.

**4. Constitutional law ⬡43(2) — Employer electing to accept Workmen's Compensation Act waives constitutional objections.**

Where an employer who had the option of avoiding the Workmen's Compensation Act accepted it, he waived the right to invoke constitutional objections to it.

**5. Master and servant ⬡420—Attorney's fees limited by Compensation Act.**

Where the employee and the employer elect to adopt the Workmen's Compensation Act, section 7 of which provides that attorney's fees shall not be more than 10 per cent. of the amount recovered, they are bound by its provisions and allowance of 20 per cent. is unauthorized.

**6. Master and servant ⬡420—Attorney's fees payable in solido. not allowable on compensation payable in installments.**

Under the Workmen's Compensation Act, section 7 of which provides that the court may fix attorney's fees not to exceed 10 per cent. and the "manner of its payment," the court may not make the fees payable in solido contrary to the wishes of the employer where the compensation for death is paid in installments, notwithstanding its power under section 23 to direct a commutation or lump sum settlement with consent of the parties.

**7. Master and servant ⬡420—Allowance of attorney's fees to guardian ad litem for minor compensation claimant authorized.**

Where a minor claimant is brought in at the suggestion of the defendant in a suit for death under the Workmen's Compensation Act, the court is authorized to appoint a guardian ad litem to represent him, and may allow the guardian attorney's fees within the limitation fixed by section 7.

**8. Marriage ⬡11—Statutory marriage before husband was divorced from first wife was void.**

Where a decree of divorce to a husband from his first wife was not rendered until after his marriage to his second wife, the statutory marriage to his second wife was void.

**9. Master and servant ⬡388 — Common-law "marriage" within Compensation Act.**

The Workmen's Compensation Act in the use of the words "husband and wife" as well as "marriage" includes common-law marriages.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Marriage.]

**10. Master and servant ⬡405(5)—Finding of deceased employé's divorce justified by evidence in compensation case.**

In the absence of evidence that deceased employé ever had but one wife before he married compensation claimant, the variance between the given name of his first wife described as "Leona" by the witnesses and "Lorana" in a decree of divorce did not preclude the court from deciding that the witnesses and decree referred to the same woman, and that deceased had been lawfully divorced.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwynn, Judge.

Petition by the Woodward Iron Company for common-law certiorari to review and revise the decisions and findings in proceedings by Irene Bradford under the Workmen's Compensation Act against the Woodward Iron Company, in which James Bradford was made a party claimant, or, in the alternative, an appeal from the decision. Appeal dismissed. Certiorari awarded, and cause reversed and remanded.

Huey & Welch, of Bessemer, for appellant.

There is a right of review, either by appeal or by certiorari, and, if reviewed on certiorari, with the evidence set out by bill of exceptions, then the court would decide all questions, including the findings of the trial court, rulings on evidence, etc. Acts 1919, p. 224, §§ 21 and 28; 1 Honnold on Workmen's Compensation, 835; 128 Minn. 221, 150 N. W. 623; 11 C. J. 205; 132 Minn. 209, 156 N. W. 120; 5 R. C. L. 264; 182 Mich. 564, 148 N. W. 769, L. R. A. 1916B, 474; 181 Iowa, 1052, 165 N. W. 367, L. R. A. 1918B, 627; 282 Ill. 316, 118 N. E. 767; 179 Cal. 764, 178 Pac. 960, 7 A. L. R. 1291; 84 Wash. 473, 147 Pac. 35; 123 N. E. 28; 186 Iowa, 657, 173 N. W. 23; 180 Cal. 423, 181 Pac. 784; 289 Ill. 538, 124 N. E. 525; 42 N. D. 599, 174 N. W. 87, 9 A. L. R. 1. This decision is rested on hearsay or improper or insufficient evidence, and should be reversed. Authorities supra. A lump sum settlement cannot be forced under the Alabama Compensation Act. Acts 1919, p. 225, § 23; 1 Honnold on Workmen's Compensation, 661; 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957. The court was in error in the amount and way of allowing attorney fee. Authorities supra. Counsel discuss the marriage, with the insistence that Irene Bradford was not the

wife of the deceased, and therefore not entitled to anything.

Beddow & Oberdorfer, of Birmingham, for appellee.

The only way to review is by certiorari, and such limitation is not unconstitutional. Section 140, Const. 1901; 176 Ala. 631, 58 South. 315; 48 Ala. 412. The conclusions on matters of fact and the admission of evidence will not be reviewed by certiorari. 196 Ala. 655, 72 South. 259. That remedy is excluded here. 1 Honnold, Workmen's Compensation, 242; 38 R. I. 145, 94 Atl. 717; 128 Minn. 221, 150 N. W. 623. This statute expressly provides, in section 7, that the court may fix the fee for the attorney and the manner of its payment. Counsel discuss other matters not necessary to be here set out.

ANDERSON, C. J. This is a proceeding to review a judgment, order, or decree of the circuit court upon a claim which arose under the "Workmen's Compensation Act" (Acts 1919, pp. 206 to 239). Said review is sought both upon an appeal and by a petition for certiorari, in the event an appeal does not lie. All that we find in the act with reference to an appeal or review is the following expression in section 21:

"That the decision of the judge hearing the same shall be conclusive and binding between the parties, subject to the right of appeal in this act provided for."

The only other provisions providing for a review or an appeal are expressions appearing later on in section 21 and in section 28, which will be later quoted and discussed. The last expression in section 21 is:

"From such decree any party aggrieved may by certiorari within thirty days thereafter appeal to the Supreme Court of Alabama."

Had the right of appeal been given without saying that it should be done by certiorari, there could be little doubt as to what the Legislature meant, and the judgments and decrees under this act would be appealable like other judgments and decrees of the circuit court. But, as the act requires that it must be done by certiorari and within 30 days, and as the right to a common-law certiorari and an appeal are inconsistent, the former not being usually granted where there is a right of appeal, the legislative intent was evidently to provide or preserve a right to review exclusively by certiorari, and not by the unnatural and inharmonious proceeding of appealing by certiorari. This view is confirmed by the further expression in section 28 as follows:

"Provided that nothing herein contained shall be construed as limiting the jurisdiction of the Supreme Court or Court of Appeals to review questions of law by certiorari"

206 ALA.—29

—also by the further fact that, knowing that, if the judgment or decree was appealable, the question would be reviewable by bill of exceptions only, other than the record, they required, by section 28, that the determination of the court shall be filed in writing with the clerk, and shall contain a statement of the facts and conclusions as determined by said judge, thus extending the scope of the record to the inclusion of said written statement of the court so as to make it a part of the record for the review of legal questions apparent upon same. It is also manifest that the Legislature did not mean an ordinary appeal, or one by the statutory certiorari as now used to sometimes remove causes from a justice of the peace court to the circuit court, as these methods contemplate a general review and include questions which must be reserved and presented to this court by a bill of exceptions. The Legislature limits the time to 30 days and makes no provision for a bill of exceptions within that time, and, under the general law, the aggrieved party has 90 days for presenting a bill of exceptions, and the trial judge has 90 days after the presentation of same for signing. It thus appears that the Legislature did not have in mind the review of questions which could be properly presented only by a bill of exceptions, and in the use of the word "appeal" in this statute intended the word "review," and that it should be done by the common-law writ of certiorari, the purpose and extent of which had been frequently defined and set forth by the existing decisions of this court and with which the Legislature must be presumed to have been familiar.

Alabama was among the last states to adopt a Workmen's Compensation Law, which is in the nature of an insurance against injury, not self-inflicted, or due to drunkenness or willful misconduct of the employé. The compensation is fixed and uniform, and but few questions of law or disputed facts should arise in the administration of same, and the circuit judges who see and hear the witnesses were supposed to be better triers of the facts than the appellate courts. It was also contemplated that this law would be administered without the needless expense or delay usually accompanying personal injury suits under the Employers' Liability Act (Code 1907, § 3910), as a very simple mode of procedure is provided in case of a dispute, and, unlike most of the states placing the administration and enforcement of same in the hands of an industrial board or commission, composed generally of laymen, we have placed the administration of ours with the circuit judges of the state, who are not only presumed to be learned in the law, but experienced triers of facts, but as a safeguard against an erroneous interpretation of this law by them the Legislature intended to

merely reserve to this court its right under section 140 of the Constitution to superintend and control the judgments of inferior courts and to extend, by statute, the same right to the Court of Appeals as to all cases under this act which come within its jurisdiction as to amount. Again, the Legislature provided for the administration of this law by the circuit judges without the aid of a jury, except in the sole event that willful misconduct is set up as provided in section 21, and realized that there would be no juries to be influenced or prejudiced by the technical errors of accepting and rejecting certain portions of the evidence, and that the judges would probably consider only the material evidence going to the substance of the claim or defense, and did not anticipate a necessity for a review of these questions by providing the ordinary appeal with a bill of exceptions.

[1] It has been repeatedly held by this court that—

"The supervisory power of a superior over an inferior legal tribunal by means of a common-law writ of certiorari extends only to questions touching the jurisdiction of the subordinate tribunal and the legality of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute." Birmingham v. Sou. Bell Tel. Co., 203 Ala. 251, 82 South. 519; Postal Tel. Co. v. Minderhout, 195 Ala. 420, 71 South. 91, and cases there cited; Ex parte Dickens, 162 Ala. 272, 50 South. 218; Camden v. Block, 65 Ala. 239; Independent Pub. Co. v. American Press, 102 Ala. 475, 15 South. 947.

[2] We therefore hold that, in order to review a judgment or decree of the circuit court under the Workmen's Compensation Act, the aggrieved party must within 30 days after the rendition of same apply to this court, or the Court of Appeals, as the case may be, for a common-law writ of certiorari, which application shall set forth the questions of law sought to be reviewed, and which must be apparent upon the record— that is, the pleading or the filed conclusion and statement of the judge as required by section 28 of the act—and the appellate court will consider what it deems questions of law as thus presented, and will not review the conclusion of the circuit judge when the same is supported by any of the evidence as set out by the judge or the reasonable tendencies of same, or in the application of the law to disputed facts. We will not, however, review the trial court as to objections to evidence, as these rulings do not pertain or belong to the record, as there is no provision for setting out same in the written statement or finding of the judge as required by section 28 of the act. Of course, cases may arise in the future when the line between what is a question of law and fact may be shadowy, and with which we will deal as the questions arise, but in order to review the same it must be a question of law apparent upon the record. This court also reserves unto itself and the justices thereof the inherent right to impose such reasonable terms or conditions as may be necessary to protect the successful party against a delay incident to the determination of the petition, as a condition precedent to an order of stay or suspension of the judgment of the trial court pending a consideration of the petition for certiorari.

[3, 4] An appeal to the Supreme Court or Court of Appeals is a part of the remedy subject to legislative control, and is not a vested right. Theo. Poull Co. v. Foy-Hays Co., 159 Ala. 458, 48 South. 785. It would therefore seem that the Legislature can limit, restrict, or abolish the right of appeal so long as it does not attempt to restrict the right of this court to exercise its superintendence and control over inferior tribunals under section 140 of the Constitution. Ex parte L. & N. R. R., 176 Ala. 631, 58 South. 315; Ex parte Candee, 48 Ala. 412; Ex parte Croom and May, 19 Ala. 566. The cases of Ex parte Haughton, 38 Ala. 570, and Tims v. State, 26 Ala. 165, dealt with statutes depriving parties of the right to appeal from the judgment of a justice of the peace, and which said right is expressly reserved by section 168 of the Constitution and its predecessors. Moreover, this defendant employer had the option of avoiding the Compensation Act, but, having elected to accept the same, is bound by its provisions and waived the right to invoke constitutional objections to same. Authorities infra.

[5] The record discloses that the trial court allowed counsel for the widow, Irene Bradford, 20 per cent., which was in the teeth of section 7 of the Workmen's Compensation Act, which limits the amounts of attorney's fees to 10 per cent., and this ruling can find neither excuse or justification unless this provision of the statute is declared invalid. We find some suggestion in the brief of appellee's counsel that said section violates certain provisions of the Constitution, but counsel, as well as the trial court, evidently overlooked the elective feature of the act both as to employer and employé and the well-established salutary rule that, having elected to operate under and abide by the act, the parties waived the right to raise constitutional objections to same. Sayles v. Foley, 38 R. I. 484, 96 Atl. 340, and cases there cited; Mathison v. Minneapolis R. R., 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412; Sexton v. Newark Tel. Co., 84 N. J. Law, 85, 86 Atl. 451; Borgnis v. Falk, 147 Wis. 327, 133 N. W. 209, 37 L. R. A. (N. S.) 489; Deibeikis v. Link-Belt Co., 261 Ill. 454, 104 N. E. 211, Ann. Cas. 1915A, 241; State v. Creamer, 85 Ohio St. 349, 97 N. E. 602,

39 L. R. A. (N. S.) 694; In re Opinion of Justices, 209 Mass. 607, 96 N. E. 308. Indeed, laws similar to this one have been attacked upon every conceivable ground as invading constitutional provisions, federal and state, and have been upheld by the courts. Honnold's Workmen's Compensation, pp. 58 to 89; Arizona's Employers' Liability Cases, 250 U. S. 400, 39 Sup. Ct. 553, 63 L. Ed. 1058, 6 A. L. R. 1537; Middleton v. Texas Power Co., 249 U. S. 152, 39 Sup. Ct. 227, 63 L. Ed. 527; Mountain Timber Co. v. Washington, 243 U. S. 219, 37 Sup. Ct. 260, 61 L. Ed. 685, Ann. Cas. 1917D, 642. Moreover, we do not mean to hold, if this act was mandatory instead of elective, that the state would not have the right, under its police power, to regulate the attorney's fees under same. Boone v. State, 170 Ala. 57, 54 South. 109, Ann. Cas. 1912C, 1065, and cases there cited. See, also, Senior v. State, 205 Ala. 337, 87 South. 592, and cases there cited. It may be conceded that in some cases the attorney's fee allowed by this act may be inadequate, and especially in the instant case, in view of the vigor, skill, and ability displayed by defendant's counsel to defeat the claim of the appellee both in this as well as the trial court and the energy, skill, and ability shown by appellee's counsel in the prosecution of the claim, but this is a question to be addressed to the legislative branch of the government, and the courts cannot, and should not, for this or any other reason, brush aside a plain and unambiguous statutory provision, which is in no wise repugnant to the constitution.

[6] We also question the authority of the trial court in requiring this defendant to pay the attorney's fees in solido by advancing the same and looking to the last periodical payments plus 6 per cent. interest for reimbursement. It must be observed that, while section 7 of the act authorizes the judge to fix the fee not to exceed 10 per cent. and the "manner of its payment," this does not justify what was done in the instant case, but simply means that upon a bulk sum settlement or commutation he can direct the payment of the attorney's fees in full, or under the periodical payments the same may be applied in whole or in part to the said fees until extinguished. These words do not authorize the judge to make the employer, in effect, an insurer against the death or remarriage of a dependent widow before the maturity of the last payment, or the death or termination of the dependency of the child before the maturity of said last payments, and which would be the result by requiring the employer to pay these fees in advance and look to the last periodical payments for reimbursement. Nor was the trial court justified in directing the payment of the fees in this manner, under its power given by the act to direct a commutation or lump sum

settlement or payment "in whole or in part." Section 23 of the act governs lump sum payments either upon settlement between the parties and approved by the court or of judgments procured by suit, in the event the parties did not agree upon a settlement, and authorizes a commutation to one or more lump sum payments by agreement of the parties, except as to claims for death, for permanent disability, or permanent or partial disability, for total loss of earnings, or for the loss of an arm or a hand or a foot or a leg or an eye, or of more than one of such members. As to the foregoing excepted claims, "these may be commuted only with the consent of the court," meaning that as to all claims other than the above-excepted class the payments may be commuted by agreement of the parties without the consent of the court, and that the excepted class may be commuted by agreement of the parties with the consent of the circuit court. State v. District Court, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957. This being a death claim, it could not be commuted, in whole or in part, by the trial court without the consent of the parties, which includes the employer as well as the dependents. Sections 24 and 25 have no application to the question here involved; as section 24 applies to a modification of settlements made by agreement, and section 25 gives the right to the defendant or employer to make a lump sum settlement by depositing the amount, etc.

[7] The minor, James Bradford, was not a party plaintiff to the original suit or petition, but was brought in as a claimant to a part of the fund upon the suggestion of the defendant, and we think, and so hold, that the trial court was authorized to appoint a guardian ad litem to represent him, though he should have been represented by next friend had he been an original plaintiff or petitioner, and in such event the court could have authorized the attorney's fees as provided by section 7 of the act, and we think that the spirit of the law authorizes the fee allowed the guardian ad litem, and which as to amount seems to be within the limitation fixed by said section 7. The order of payment, however, contains the same vice as the one providing for the payment of the attorneys of Irene Bradford, and must, to this extent, be corrected.

The appeal is dismissed, but the writ of certiorari is awarded, and the judgment or decree of the circuit court as to the fixation of the amount of attorney's fees to counsel for Irene Bradford, as well as the manner of the payment of same, also, as to the manner in which the guardian ad litem's fees are to be paid, is reversed, and the cause is remanded to the circuit court in order that the fees may be fixed and the order of payment directed so as to conform with this opinion. The cost of the procedure in this court, in-

cluding the transcripts, both upon appeal and certiorari, is to be paid 50 per cent. by the appellant or petitioner, 33⅓ per cent. by Irene Bradford, and 16⅔ per cent. by James Bradford.

[8] As this is the pioneer case presenting the right, scope, and extent of reviewing judgments or decrees under the Workmen's Compensation Act, and as we have decided the only questions of law properly presented for review under the interpretation given the statute, we could here conclude this opinion. But, out of deference to counsel, and which may be of some little consolation to them, we have examined and considered the other questions pressed and argued, and find no reversible error among them, even if an appeal would lie or the scope of review exceeded the limits fixed in this opinion. We agree with counsel for the petitioner that, as the decree of divorce to Jim Bradford from his first wife was not rendered until after his marriage under a license to Irene, said statutory marriage with Irene was void. But there was an abundance of evidence justifying the trial court in holding that there was a common-law marriage existing between Irene and Jim at the time of his death. They continued to live together as man and wife after the divorce and so held themselves out for years, and the trial court could have found at least an implied contract of marriage between them.

[9, 10] We are also of the opinion that the Workmen's Compensation Act, in the use of the words "husband and wife," as well as "marriage," included common-law marriages as well as statutory ones, as such marriages have for all times been recognized in this state. Nor did the variance between the given name of the first wife, described as "Leona" by the witnesses, and as "Lorana" in the decree, preclude the trial court from holding that the deceased had been lawfully divorced from the woman with whom he formerly lived as his wife and described by the witnesses as "Leona." The trial court could have inferred from the evidence that the witnesses and decree referred to the same woman, and that the witnesses knew her as "Leona," and that her real name was "Lorana" as described in the divorce proceedings, especially in the absence of proof that deceased ever had but one wife before he married Irene, or ever lived with, as man and wife, two separate women, "Leona" and "Lorana."

There was also sufficient evidence to justify the trial court in finding that the minor, James Bradford, was the lawful son of the deceased employé. Moreover, it may be questionable if this defendant, after suggesting said minor as a claimant, can complain of the ruling of the trial court in an adjudication between him and rival claimants to the fund.

The rulings of the trial court upon the admission and rejection of evidence was either without error or free from prejudicial results if error was committed.

Since the Legislature has confined the right of review to questions of law apparent upon the record, trial courts cannot be too cautious in considering and determining cases arising under this act, and should literally comply with section 28 of the same as to filing with the clerk their determination, containing a statement of the law and facts in order that an aggrieved party may be afforded the proper means of such a review as is contemplated by the statute.

Appeal dismissed. Writ of certiorari awarded and reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.