MARK PERRINE, District Attorney Ashland County
Your predecessor requested my opinion whether section196.675(1), Stats., would be violated if a non-municipal public utility employed and retained the law partner of a district attorney who is compensated on a part-time basis.
Section 196.675(1) and (2) provides:
 (1) No common carrier operating within this state and no public utility, except a municipal public utility, may retain or employ a district attorney or assistant district attorney, city attorney or assistant city attorney or any person holding a judicial office.
 (2) If any district attorney or assistant district attorney, city attorney or assistant city attorney or any person holding a judicial office violates this section, the attorney's or judge's office shall be deemed vacant.
I am of the opinion that there would be a violation if the partnership was employed and the district attorney was thereby financially interested in the contract of retainer. Whether the person serving as a district attorney would benefit financially in a specific case would be for determination by the trier of fact in a proper court action. In 4 Op. Att'y Gen. 762, 763 (1915), it was stated:
 The purpose of this law was to prevent the district attorney or city attorney from accepting professional employment from the classes of quasi-public corporations therein enumerated because the interests of such corporations frequently conflict with the public interests and wise public policy requires that the district attorney or city attorney should be in a position at all times to serve the public unreservedly and without the embarrassment arising from conflicting duties.
. . . . *Page 112 
 It is my opinion that your partner may act as attorney for the corporation provided he does so distinctly in his individual capacity and in such a manner that you have no interest in the contract of employment. The penalty provided by the statute is the forfeiture of the office of the district attorney. By its terms it does not prevent the employment by the quasi-public corporations therein enumerated of the partner of the district attorney. The statute will be strictly construed because it is penal in its nature.
In my opinion, employment of the law firm by utilizing the services of a partner other than the district attorney is equivalent to employment of the person who serves as district attorney where the latter benefits on a pecuniary basis by reason of such employment.
In 1910 Op. Att'y Gen. 623, it was stated that if a district attorney were a partner in a legal firm, the partnership could not be retained by a common carrier or public utility but that would not preclude individual members of the firm from being so employed in their individual capacities so long as the firm and district attorney partner were not interested directly or indirectly.
It is highly improbable that a non-district attorney partner
would serve a public utility in a distinctly individual capacity.
Your predecessor's question and the statute above are primarily concerned with the legal principles referred to as conflict of interest and qualification for office rather than incompatibility between two offices or an office and position. See 63A Am. Jur. 2d Public Officers and Employees § 79 (1984).
In discussing conflict of interest, 63A Am. Jur. 2d PublicOfficers and Employees § 320 (1984), it is stated:
 It is the duty of public officers to refrain from outside activities which interfere with the proper discharge of their duties. Within reasonable limits, subject to the limitation that it may not abridge any man's constitutional rights, the legislature has power to ascertain and declare what activities are inconsistent with the proper performance of public duties. This power is sometimes conferred by constitutions. For example, it is normally within the power of the legislature to prohibit public officers from engaging in business for public utility corporations. *Page 113 
At 63A Am. Jur. 2d Public Officers and Employees § 321 (1984), it is stated:
 A public officer owes an undivided duty to the public whom he serves, and is not permitted to place himself in a position which will subject him to conflicting duties or expose him to the temptation of acting in any manner other than in the best interests of the public. In other words, a public official may not use his official power to further his own interest.
In Boone v. State, 54 So. 109 (Ala. 1911), the court upheld a statute which made it a misdemeanor for a municipal officer to act as an attorney for a public utility corporation.
Your predecessor inquired who would have standing to enforce this law and seek declaration of the vacancy provided in subsection (2) of section 196.675.
By reason of section 784.04(1), the attorney general could bring an action in the nature of quo warranto on his own information or upon the complaint of any private party. However, since the office involved is a county office, section 784.04(2) would permit the action to be brought in the name of the state by a private person on personal complaint.
Inquiry was also made whether an attorney's conduct in knowingly violating section 196.675(1) would constitute a violation of any of the supreme court rules which govern members of the State Bar. The code of ethics, rules promulgated by the Wisconsin Supreme Court, contain a number of provisions which require a lawyer to represent a client zealously and to avoid a conflict or the appearance of a conflict of interest. See SCR 20.34, 20.35, 20.48 and 20.49. Supreme Court Rule 20.28 provides that a lawyer shall not accept or continue employment if the interests of another client may impair the independent professional judgment of the lawyer. The principal clients of a district attorney are the county and the state. Supreme Court Rule 20.28(4) provides: "If a lawyer is required to decline employment or to withdraw from employment under this rule, no partner or associate of the lawyer or his or her firm may accept or continue that employment." I decline to give my opinion whether the fact situation set forth constitutes a violation of any of the rules of ethics promulgated by the supreme court. You may inquire of the Board of Attorneys Professional Responsibility, *Page 114 
Room 410, 110 East Main Street, Madison, Wisconsin 53702, for further assistance.
BCL:RJV *Page 115